ROBERT S. HILLER and HILLER STORES, appellants, v. THOMAS LENZ et al., appellees.

No. 50302.

OCTOBER 17, 1961.

Robert F. Culver, of Emmetsburg, for appellants.
John H. Mitchell, of Fort Dodge, for appellees.

66

THOMPSON, J.—These appeals are from jury verdicts for the defendant and judgments thereon in two cases arising out of the same collision between a truck driven by defendant Thomas Lenz and owned by the three defendants, and an automobile owned by plaintiff Hiller Stores and driven at the time by plaintiff Robert S. Hiller. Robert S. Hiller asks damages for personal injuries in one suit, and Hiller Stores seeks to recover for damage to its automobile. The two cases were consolidated for trial. The issues are identical and we shall consider them as one. The court submitted the cases on special verdicts under rule 205, Rules of Civil Procedure. These verdicts, so far as material, are set out:

"Number 1. Have the plaintiffs established that the defendant Thomas Lenz was negligent?

"Number 2. If your answer is 'yes,' was the negligence a proximate cause of the collision and the plaintiffs' damages?

"Number 3. Have the plaintiffs established that Robert S. Hiller was free from contributory negligence?" The jury answered Number 1 "Yes", and Number 2 "No".

In previous instructions the court had told the jury that it should first consider Number 1, and if its answer was "yes" to proceed to Number 2. If its answer to this verdict was "yes" it should then go on to Number 3, but if its answer was "no" it should give no further consideration to the case. In accordance with this instruction, Number 3 and the following special verdicts which pertained to damages were not answered by the jury. Judgment was rendered for the defendants on special verdict Number 2, which established the jury's finding that the negligence of Thomas Lenz was not the proximate cause of the collision and plaintiffs' damages.

That the trial court had the right to submit the cause on special verdicts is made plain by Rule of Civil Procedure No. 205. Whether it should have defined the order in which the questions must be determined by the jury is questionable. Certainly it was proper to tell the jury to decide the matters set out in the first three verdicts before giving attention to the question of damages; and we think it was proper to require a finding of negligence under Number 1 before determining proxi-

mate cause under Number 2. However, it is apparent that, at least in the case at bar, it would have been preferable to permit the jury, if it was so advised, to decide the question of contributory negligence first, if it wished so to do; or at least it should have been permitted to decide that question regardless of its determination on defendants' negligence and proximate cause. A decision on contributory negligence might well have eliminated the major question involved in this appeal, as our discussion in Division I following will make clear.

I. No question as to the manner of submission was raised by any party and no error is predicated upon it. The plaintiffs assign as the first error relied upon for reversal that the verdict is contrary to the evidence and to instruction Number 13. No exception was taken to this instruction; but the plaintiffs contend that under the evidence and the instruction a finding of no proximate cause for the defendants cannot be supported. The instruction properly defined proximate cause and told the jury that negligence need not be the sole and only cause; that a combination of causes, one attributable to one person and one to another, might produce an injury; and the extent to which the injury is attributable to the different causes is immaterial.

Accepting this as the law of the case, the plaintiffs contend that if, as the jury found, the defendants were negligent, their negligence under the record must have been a proximate cause; and that the special verdict finding to the contrary is so clearly beyond the weight of the evidence that their motions for new trials should have been granted. Some reference to the facts shown by the evidence must be made.

The collision occurred on November 20, 1958, on Highway No. 5 about two miles south and two miles east of Pomeroy, in Calhoun County. The plaintiff was driving a Ford automobile owned by Hiller Stores west and defendant Thomas Lenz was proceeding east on the same highway, operating a truck owned by the three defendants. The collision occurred about noon on a bright, clear and dry day. The pavement was 20 feet in width, and there were no curves or hills to obstruct the view.

Plaintiffs' evidence is that as the two vehicles neared each

other, with the defendants' truck moving "quite slowly" and plaintiff's car at from 60 to 70 miles per hour, and when they were about 200 feet apart, the Lenz vehicle started to make a left turn into the driveway into the Lenz home, which was on the north side of the highway at that point. Robert S. Hiller, the driver of the plaintiffs' car, was unable to stop and the collision took place about the middle of the driveway on the north part of the pavement. Hiller had observed the approach of the truck for some distance, and did not see any turn signal given. While there were other witnesses for the plaintiffs than Hiller, we have set out what we think to be the material part of their case on the point under consideration.

For the defendant, Thomas Lenz, the truck driver, testified that he had his turning lights on before he started to turn, and that the plaintiffs' car was about 1000 feet away when he started his turn. He says "I was going awfully slow and didn't make it."

We conclude, in view of this record, that we cannot say the special verdict finding defendants' negligence was not the proximate cause of the collision has insufficient support in the evidence. The court submitted as specifications of negligence: failure to keep a proper lookout, failure to yield one half of the traveled way, and turning a vehicle from a direct course upon the highway when such movement could not be made with safety and then only after giving an appropriate signal. In its instruction on contributory negligence the jury was told of the duty of the plaintiffs' driver to refrain from driving at a speed which would not permit him to stop within the assured clear distance ahead, having the right to assume, however, that others using the highway would observe the law; and a proper definition was given on the duty of Hiller to have his car under control.

The jury must have found defendant Thomas Lenz guilty of negligence in one of the three respects submitted. But it also found such negligence was not the proximate cause of the collision. It is beyond question that something caused it; and the only possible alternative is that something the plaintiffs' driver did was the sole cause. Plaintiffs' counsel thinks this

is unbelievable and, in fact, impossible. We do not agree. The jury might have found that Thomas Lenz was negligent in failing to give a left-turn signal, or in keeping a lookout, or failing to yield one half the right of way, but it could also have found, if it believed his testimony, that when he started his turn the plaintiffs' car was at such a distance that its driver could have avoided the collision if he had had his car under control and had exercised reasonable care. Nor will it avail plaintiffs to urge that at best there was a combination of negligences of the two drivers so that the negligence of each was a proximate cause of the accident. It is not a case where a combination of causes will be of any aid or comfort to the plaintiffs, because the only other cause of the collision must have been their own act. It is here that the observation, that if the special verdict on contributory negligence had been answered the entire controversy at this point might have been eliminated, obtains its support. As the matter stands, we must accept the jury's decision that, in spite of the defendants' negligence, the proximate cause of the accident was not theirs, in whole or part.

■ Generally the question of proximate cause is for the jury, and it is so here. "The true test is whether the negligent act complained of was so connected with the final result and injury, through an unbroken chain of circumstances, as to make a natural whole. Ordinarily the question of proximate cause is for the jury." Waterloo Savings Bank v. Waterloo, Cedar Falls & Northern Railroad, 244 Iowa 1364, 1372, 60 N.W.2d 572, 576; and see Brewer v. Johnson, 247 Iowa 483, 487, 72 N.W.2d 556, 559.

■■ II. Plaintiffs also assign error on the refusal of the trial court to admit in evidence four photographs of the accident scene and the vehicles involved, taken shortly after the collision but after the truck and car had been moved. Other pictures which were admitted show substantially the same views. In addition, the trial court has a considerable discretion in admitting or excluding photographs, especially when they are intended to perform only the purpose of an illustration or diagram in aid of oral or written testimony and are not in themselves independent evidence. Ingebretsen v. Minneapolis & St.

Louis Railroad Co., 176 Iowa 74, 83, 155 N.W. 327, 330; Shover v. Iowa Lutheran Hospital, 252 Iowa 706, 719, 107 N.W.2d 85, 93; Hansen v. Franklin County, 247 Iowa 1287, 1291, 78 N.W.2d 805, 807, and citations. The plaintiffs say that here the trial court did not abuse its discretion but failed to exercise it in any way. The distinction escapes us. Certainly in excluding the pictures the court exercised its discretion so to do. We find no error.

III. Other errors assigned, with the exception of one which is not argued, go to the point that the jury did not understand the issues, and was swayed by passion and prejudice. The only claim of passion and prejudice is based on the contention that the jury must have been so affected, or did not understand the issues, because it returned a verdict which plaintiffs think was not in keeping with the great weight of the evidence. What we have said in Division I answers this argument. We have there held there was sufficient factual basis for the special verdict returned which determined defendants' negligence was not the proximate cause of the collision.

IV. We are also asked to reverse because, it is said, the whole record shows the plaintiffs did not have a fair trial. This is a matter generally within the discretion of the trial court which in this case did not see fit to interfere. We have often held to this rule, both in cases where a new trial was granted and where it was denied. The plaintiffs urge that we have said we will interfere more readily where a new trial was denied than where it was granted. In re Estate of Murray, 238 Iowa 112, 115, 26 N.W.2d 58, 60. But this is not to say that the trial court does not have a considerable discretion in denying a new trial, even though we might intervene more readily in such a case. There must still be shown an abuse of discretion, which we are unable to find here. Plaintiffs' contention at this point again seems to revolve chiefly around their thought that the jury verdict was not supported by the evidence, and we have answered that; very probably not to their satisfaction, but, nevertheless, as we see the record.

One other event of the trial stressed somewhat by the plaintiffs in this connection requires brief attention. The

plaintiffs, in connection apparently with their showing of damages, introduced in evidence certain of their income tax returns. In argument, defendants' counsel held these before the jury and "told the jury the amounts of net profits. per year that the plaintiff Hiller Stores make and suggested to the jury that was the basis for the plaintiffs' suit for $60,000, and made a statement relative to the economic value of the plaintiffs or their general economic worth." Objection was made to this argument. The court said:

"I think the statement objected to is preceded by the supposition on part of counsel that it was from those documents that the claim of the plaintiff for total recovery is based which is within his privilege. However, members of the jury, the economic status of the parties, either plaintiff or defendant, is not in issue in this lawsuit in any particular and should not be considered by you as having any bearing on the issues for your determination."

After some further colloquy between the court and defendants' counsel, in which the court again repeated its statement that "I want to caution the jury that economic status of the parties is not an issue in the case" the argument proceeded, with apparently no further reference to the matter objected to. The plaintiffs did not request a mistrial or in any way indicate at the time they were not satisfied with the ruling of the court and the admonition given the jury. They had introduced the income tax reports themselves and in so doing had made their income figures available. Again, the trial court had a considerable discretion in passing upon claimed misconduct of counsel and the decisive question whether, if there was such misconduct, it operated to prevent the plaintiffs receiving a fair trial. State v. Jensen, 245 Iowa 1363, 1367, 1368, 66 N.W.2d 480, 482, and citations. The court twice admonished the jury that the economic status of the parties was not to be considered, and the plaintiffs did not ask a mistrial. We think the court handled the situation properly and no error appears.

V. Assigned error based on the failure of the court to submit two pleaded specifications of negligence is not argued, and so is deemed waived. Rule of Civil Procedure 344(a)(4)

(Third); Waterloo Savings Bank v. Waterloo, Cedar Falls & Northern Railroad, 244 Iowa 1364, 1376, 1377, 60 N.W.2d 572, 579, and citations; Carlson v. Bankers Trust Co., 242 Iowa 1207, 1211, 50 N.W.2d 1, 4.

We find no prejudicial error—Affirmed.

GARFIELD, C. J., and HAYS, LARSON, OLIVER, PETERSON, and THORNTON, JJ., concur.

SNELL, J., takes no part.

BLISS, J., not sitting.