LAWRENCE PRESTHUS, appellee, v. WESTERN MUTUAL INSURANCE COMPANY, appellant.

No. 51663.

(Reported in 135 N.W.2d 549)

1036

June 8, 1965.

Linnan, Lynch & Straub, of Algona, for appellant.

Winkel & Winkel, of Algona, for appellee.

THOMPSON, J.—The sole question in this case arises from what the defendant thinks is an irreconcilable conflict between the general verdict of the jury and its answer to a special interrogatory. The general verdict was for the plaintiff, and the trial court refused to find such a conflict with the special verdict as to invalidate the general verdict. Judgment was entered on the general verdict, and the defendant appeals.

Conflicts and alleged conflicts between general verdicts and answers to special interrogatories, which have the effect of special verdicts, are not new. They have furnished a considerable field for appellate litigation in the past. Special interrogatories seem, at times, to be propounded for the purpose of determining whether the jury can justify its general verdict by showing that it fully understood what it was about in reaching it.

■ ■ The general verdict is the final result; the special verdict should properly go to ultimate facts necessarily found if the general verdict was correctly reached. Answers to special interrogatories may disclose that the general verdict is contrary to the facts found by the jury in its answers to the special interrogatories. They prevent verdicts based on nothing more substantial than prejudice, or sympathy, or indifference to or misunderstandings of the law laid down in the instructions, or to the facts actually proven.

■ I. It is well settled that when there is an irreconcilable conflict between the general and special verdicts the latter must prevail. Rule of Civil Procedure 206 provides so far as pertinent: "* * * If the answers [to the special interrogatories] are consistent with each other, but any is inconsistent with the general verdict, the court may order judgment appropriate to the answers notwithstanding the verdict, or a new trial, or send the jury back for further deliberation."

■ ■ There is a considerable discussion of general and special verdicts in Fischer v. Hawkeye Stages, 240 Iowa 1203, 1205–1208 inc., 37 N.W.2d 284, 286, 287. There certain qualifications of the rule are thus stated: "It is settled both in Iowa and by the authorities generally that all reasonable presumptions are in favor of the general verdict. Nothing is presumed in aid of the special finding. If the general verdict thus aided is not in irreconcilable conflict with the special finding the former must stand. The special finding controls only where the conflict between it and the general verdict is such as to be clearly beyond the possibility of reconciliation under any conceivable state of facts provable under the issues. Fishbaugh v. Spunaugle, 118 Iowa 337, 343–345, 92 N.W. 58, and citations." Loc. cit. 240 Iowa 1206, 1207, 37 N.W.2d 286, 287.

■ II. The factual situation here is that the plaintiff owned a tractor which was covered by a collision insurance policy in which the defendant was the insurer. On January 5, 1963, the tractor was damaged by a collision with the trailer which it was pulling. A clause in the insuring policy provided: "The company may pay for the loss in money, or repair the automobile * * *." The defendant elected to repair, and took the tractor to the Hoft Truck & Trailer Service in Fort Dodge for that purpose. Nineteen days later it was returned to the plaintiff as fully repaired, but it is his contention that the repairs were not complete and he was compelled to expend considerable sums in remedying defects.

Plaintiff brought his action to recover the additional sums he alleged he was compelled to pay for repairs which should have been made by the defendant and its agent. The jury returned its verdict for him in the sum of $2300. The only controversy here arises from the submission of a special interrogatory to the jury at the time it was instructed, and its answer. The interrogatory was this: "Was Hoft Truck & Trailer Service negligent in repairing plaintiff's truck?" The answer was "No."

This the defendant claims was an answer wholly irreconcilable with the general verdict. It raised the question by motion for judgment notwithstanding verdict, or for a new trial. These motions were denied by the trial court, and defendant asserts error. No other error is assigned.

III. It must appear that the special finding of the jury is irreconcilable with its general verdict, if the defendant is to prevail. Some examination of the plaintiff's case as made by his petition is therefore in order. After pleading the collision, the damage, the existence of the policy, the election of the defendant to repair, and the return of the tractor to the plaintiff, it is alleged: "Nevertheless, the damage had not been repaired, and thereafter plaintiff was compelled to and did cause the tractor to be further repaired in respect of the damages caused by the accident and resulting from defendant's failure to repair it and its representation that it was repaired." Again we find this: "The actual and reasonable cost of having repaired the damages from said accident and from the failure of defendant's original

nominee to repair them was $4407.97." Again it is pleaded: "In insisting upon taking the tractor for repair as aforesaid, defendant became obligated to see to it that it was diligently, promptly, effectively and fully repaired and restored to this plaintiff." There are other allegations based on negligence in repairing.

It will be noted that the special interrogatory referred only to the question of the negligence of defendant's agent in repairing the tractor. Breach of the contract to repair was in no way involved. While the petition is not a model of clarity, we think it clearly claims recovery upon two theories: a breach of the contract to repair and negligence in repairing. No attack was made upon the petition in anyway, and the case was tried upon its allegations and the defendant's responding answer. When a doubtful pleading is not attacked before issue is joined, it will be liberally construed to effectuate justice, and the pleader will be given the advantage of every reasonable intendment. Allied Mutual Casualty Co. v. Dahl, 255 Iowa 208, 219, 122 N.W.2d 270, 277; Reed v. Harvey, 253 Iowa 10, 13, 110 N.W.2d 442, 444; Wilson v. Corbin, 241 Iowa 593, 605, 41 N.W.2d 702, 709, and citations.

So we have here a petition asserting in the same count a right of action ex contractu, and another ex delicto. Since no attack was made upon the pleading, and it is not claimed there was no evidence to support its allegations, we must consider there was a jury question on each issue. The special interrogatory then, at most, countered any recovery on the action ex delicto; it is no more than a finding that there was no negligence in repairing the tractor. This leaves the action on the contract to repair, and the resulting verdict, unimpeached in anyway.

In Matthys v. Donelson, 179 Iowa 1111, 1116, 160 N.W. 944, 946, we quoted a rule pertinent here: " 'A tort may be dependent upon, or independent of, contract. If a contract imposes a legal duty upon a person, the neglect of that duty is a tort founded on contract; so that an action ex contractu for the breach of contract, or an action ex delicto for the breach of duty, may be brought at the option of the plaintiff'." This quotation was cited with approval in Kunzman v. Cherokee Silo Co., 253

Iowa 885, 891, 114 N.W.2d 534, 537, 95 A. L. R.2d 673, and in Jordan v. Sinclair Refining Co., 257 Iowa 813, 820, 135 N.W.2d 120, 124.

In the case at bar the plaintiff, by his petition, brought his action both ex contractu and ex delicto; he went in both directions at once. What the proper ruling would have been if a motion had been lodged to require him to elect, or to separate his causes of action into two counts, we have no occasion to decide.

We conclude the special verdict was not in irreconcilable conflict with the general verdict. This being the only question in the case, the judgment of the trial court must be affirmed.—Affirmed.

All JUSTICES concur.