**CITY OF DES MOINES, Appellee,**

v.

**Claude F. PETERSON, Appellant.**

No. 52682.

Supreme Court of Iowa.

Feb. 6, 1968.

Theodore F. Mantz, Des Moines, for appellant.

Philip T. Riley, Anthony T. Renda, John F. McKinney, Jr., Gary H. Swanson, Robert D. McAllister, Gerald R. Ralph, and James F. Fowler, Des Moines, for appellee.

GARFIELD, Chief Justice.

Following trial in the municipal court of the City of Des Moines defendant Peterson was convicted of violating section 2A–10 of the city's Zoning Ordinance by keeping a junk yard on two partial lots owned by him in an R–2 Residence District. He appealed to the district court where he was again found guilty. From judgment there imposing a fine of $100 and costs defendant has appealed to us.

The appeal is entirely lacking in merit. It is regrettable defendant has been put to the expense of an unwarranted appeal to this court.

Defendant's brief states the sole question presented here is whether the court erred in its charge to the jury in failing to define a junk yard. A complete answer to the question is that the charge does define a junk yard—and properly.

We will elaborate briefly upon what has been said. Jury Instruction 5 enumerates the four essential propositions the city must establish beyond a reasonable doubt before defendant could be found guilty. The first of these is that on the date charged in the information he did keep a junk yard.

The record shows the only objection defendant took at the trial to any instruction or to the charge as a whole was to Number 5, "as he wanted the court to define a junk yard and the court refused." Substantially this same objection is the only one the motion for new trial asserts to any instruction or to the instructions as a whole. (In a criminal case objections to jury instructions may be made in the mo-

tion for new trial. Section 787.3, subds. 5, 7, Code 1966; State v. Faught, 254 Iowa 1124, 1131, 120 N.W.2d 426, 430, and citations. Of course in civil cases objections to instructions must be made before they are read to the jury. Rule 196, Rules of Civil Procedure; State v. Faught, supra.) No requested instruction was submitted here.

Although Instruction 5 does not define a junk yard, Instruction 7 contains the precise definition found in Section 2A–3 of the Zoning Ordinance. No objection was taken at the trial or in the motion for new trial to the definition found in Instruction 7. None is suggested—belatedly—here.

 Defendant's brief proceeds on one of two erroneous assumptions: (1) that the instructions do not define junk yard, or (2) that the definition must appear in Instruction 5, not in a separate instruction. As pointed out, the record does not support the first assumption; the second is based on a mistaken view of the law.

We have held time and again the instructions must be taken and construed as a whole and if the point raised by objection or requested instruction is substantially covered by the instructions given, there is no ground for complaint. State v. Shipley, 259 Iowa 952, 146 N.W.2d 266, 269, and citations; State v. Stout, 247 Iowa 453, 455, 74 N.W.2d 208, 209, and citations.

The court properly gave a familiar stock instruction, similar to Instruction 1.4 of Iowa Uniform Jury Instructions published by the Iowa State Bar Association, that the court had not attempted to embody in any one instruction all the law applicable to the case. "You are to consider and construe all the instructions together and apply them as a whole to the evidence in the case."

Only ten instructions were given. Most of them are short; two fill only five lines

each of the record. The only error claimed by defendant does not appear. Hence the judgment is

Affirmed.

All Justices concur.