Lerlia L. GALVIN, Appellee,

v.

John SUCHOMEL, Appellant.

No. 54434.

Supreme Court of Iowa.

May 5, 1971.

Keith Mossman, Vinton, for appellant.

Stephen C. Nelson, Cedar Rapids, for appellee.

STUART, Justice.

Plaintiff brought this action at law alleging an oral agreement with defendant to purchase a one-half interest in defendant's insurance business for $8000 payable $2000 per year. Plaintiff alleges he worked as a partner under the agreement in 1968 and is entitled to one-half of the commissions for that year. Defendant's answer denied the allegations of the petition.

At trial it was stipulated the gross commissions for 1968 were $11,619.07. Plaintiff offered evidence of the terms of the agreement and evidence to prove the existence of the partnership. Defendant moved for a directed verdict on the ground that the cause could not be submitted to the jury since there had been no accounting between partners. The trial court ruled:

"1. The cause was to be continued to be tried to the jury on the issue of whether partnership agreement had been entered into by plaintiff and defendant.

"2. The issue of accounting cannot be determined in this cause.

"3. In the event the jury returned a verdict for the plaintiff, finding an oral agreement had been entered into, the amount, if any, would be the subject of a further trial by the court sitting in equity, and said issue is withdrawn from consideration by the jury."

Defendant's evidence tended to prove: no partnership was formed; that some expenses should be deducted from the gross commissions; and plaintiff had asked for a draw on the agency but had been turned down because he had made no downpayment.

The trial court submitted the case to the jury on two forms of verdict: "FORM ONE We, the jury, find for plaintiff in the case and find there was an agreement creating a partnership with defendant.

"FORM TWO We, the jury, find for defendant."

The jury signed "Form One".

Defendant claims "the court erred in failing to direct a verdict for the defendant as the cause could not.be submitted to the jury, since there had been no accounting between the partners". Although it could have been argued plaintiff's action was for one-half of the stipulated commissions and did not involve an accounting, this issue was not raised. We will therefore proceed as if an accounting is required in order to decide the case on its merits.

Defendant argues: (1) This is not a procedural question but goes to the jurisdiction of a court of law to entertain an action between partners until an accounting between them in equity has been had. (2) "The jury could not determine the existence of a partnership agreement under the pleadings in this case and before there had been an accounting between the partners."

He relies on Johanik v. Des Moines Drug Co. (1945), 235 Iowa 679, 686, 17 N. W.2d 385, 390; the annotation at 168 A. L.R. 1088, 1091, and 40 Am.Jur., Partnerships, §§ 460, 465. These authorities stand for the "almost universally held" rule that "a law action is not maintainable between partners with respect to partnership transactions unless there has been an accounting or settlement of the partnership affairs". Johanik v. Des Moines Drug Co., supra. They do not support either of the arguments advanced by defendant. In defend-

ant's principal authority, Johanik v. Des Moines Drug Co., supra, defendant moved that Counts I and II be transferred to equity. The trial court was reversed for failure to do so. It is not authority for a dismissal or directed verdict.

■ I. Assuming the cause of action pleaded by plaintiff was exclusively cognizable in equity, defendant waived his right to object to trial at law because he failed to make timely motion to transfer the matter to the equity docket.

Section 611.7, 1966 Code, provides: "An error of the plaintiff as to the kind of proceedings adopted shall not cause the abatement or dismissal of the action, but merely a change into the proper proceedings, and a transfer to the proper docket."

Section 611.9 states: "The defendant may have the correction made by motion at or before the filing of his answer, where it appears by the provisions of this code wrong proceedings have been adopted."

Section 611.12 states: "An error as to the kind of proceedings adopted in the action is waived by a failure to move for its correction at the time and in the manner prescribed in this chapter * * *."

We do not see how the present case differs from any other case brought as a law action when equity was the proper form. Defendant waived any objection to the fact the action was instituted at law by failing to move for its transfer to the equity docket.

However, the trial court exercised its broad authority under Rule of Civil Procedure 186 and submitted only the issue as to the existence of the partnership to the jury and reserved the accounting question for later determination by the court sitting in equity. The defendant was benefited by this ruling and received more than he was entitled to as a matter of right.

■ II. We do not agree with defendant that an accounting must precede the determination of the existence of the part-

nership. Ordinarily this question is raised and decided as the first step in an equity proceeding for a partnership accounting. It is much more logical to determine first if plaintiff has a right to an accounting and the cases so hold.

In Benson v. Charles Weitz's Sons (1930), 211 Iowa 489, 492–494, 231 N.W. 431, 432–433, the trial court ordered a referee to take an accounting from defendant. Defendant asked that the order be set aside and his plea in bar of an accounting be determined first. On defendant's appeal from the trial court's refusal to do so we said:

"It is, however, a well-settled rule, quite universally recognized, that a defendant who is sued for an accounting may plead in bar of the accounting. That is to say, he may deny he is under duty to account. He may deny the existence of the relation upon which the demand for an accounting is predicated. It is also well settled that, where he does so plead, he cannot be required to account until the issue tendered by his plea in bar is adjudicated against him."

After citing numerous authorities, we concluded:

"In the case at bar the effect of the court's peremptory order of reference was to deprive the defendants wholly of an opportunity to first try the issue of plaintiff's right to an accounting. Such peremptory order assumed that the plaintiff had such right as a matter of course. This was an erroneous view. It was the duty of the court to hear and determine that issue before ordering a reference for an accounting."

See also: Randolph Foods, Inc. v. McLaughlin (1962), 253 Iowa 1258, 1265, 115 N.W.2d 868, 872; Warren County v. Elmore (1958), 250 Iowa 348, 353, 93 N.W. 2d 756, 759; Davies v. Stayton (1939), 226 Iowa 79, 86, 283 N.W. 436, 440; Richman v. Richman (1920), 190 Iowa 462, 464, 180 N.W. 182, 183; Munce v. Munce (1959),

77 S.D. 594, 96 N.W.2d 661, 664; 1 C.J.S. Accounting § 40, pp. 680–681.

III. Defendant now asserts that the special verdict was not in proper form and did not state the issues raised by the pleadings. No objection was urged below to the form of the special verdict. It cannot be raised for the first time on appeal. Rouse v. Rouse (Iowa, 1970), 174 N.W.2d 660, 664; Wagaman v. Ryan (1966), 258 Iowa 1352, 1358, 142 N.W.2d 413, 417; R. C.P. 196; R.C.P. 205; 4 C.J.S. Appeal & Error § 309a.

We affirm the action of the trial court.

Affirmed.

All Justices concur, except REYNOLD-SON, J., who takes no part.