**Donald W. BERHOW, Appellant,**

v.

**Kalman J. KROACK and Jensvold, Inc.,
Appellees.**

No. 54469.

Supreme Court of Iowa.

Feb. 25, 1972.

380

Laird, Burington, Bovard & Heiny, Mason City, and Erwin L. Buck and J. Ramsey McKey, Britt, for appellant.

Weible & Stipp, Forest City, and Wm. Pappas, Mason City, for appellee Jensvold, Inc.

Linnan & Lynch, Algona, for appellee Kalman J. Kroack.

RAWLINGS, Justice.

Action at law by bailee plaintiff, Donald Berhow (Berhow), seeking recovery against defendants, Kalman J. Kroack (Kroack) and bailor Jensvold, Inc. (Jensvold), for injuries sustained as the result of a nighttime highway collision of Kroack's automobile with the rear of a Jensvold owned and Berhow operated tractor. Kroack is not here involved. The case was submitted on special verdict in the form of written interrogatories. Jury found for Berhow. Thereafter trial court found answers to interrogatories submitted were irreconcilably inconsistent, and pursuant to Jensvold's motion entered judgment notwithstanding the verdict. Berhow appeals. We affirm.

The afternoon of November 17, 1966, Berhow went to Jensvold's place of business in Buffalo Center to get his tractor, which was there being repaired. Finding the repairs uncompleted Berhow entered into an oral agreement with Melvin Wirtjes, Jensvold's manager, under which Berhow rented a temporary replacement tractor. At approximately 5:30 P.M., Berhow and Wirtjes drove to Jensvold's equipment storage lot. Arrangements were there made for Berhow to take a used 560 International "Farmall". Difficulty was encountered in starting it. Resultantly Berhow did not

leave the lot until 6:00 P.M., by which time it was completely dark. Neither Wirtjes nor Berhow then inspected the tractor with regard to a red rear warning light. Additionally, no explanation as to operation of the tractor's lighting system was either sought or given. When Berhow left the lot only the headlights and a small white "working" light located on the rear of the tractor were lit.

After going east on Highway 9 for one mile, Berhow turned north onto State Highway 322, a busy blacktop road. He had traveled approximately two miles when the aforementioned collision occurred. Defendant Kroack testified he was traveling north at 55 m. p. h., did not see the tractor, and was uncertain even after the accident as to what had been hit. He admitted seeing a white light ahead of him prior to the impact, but thought it was either an approaching motorcycle or car with one headlight. A postaccident inspection of the tractor revealed the statutorily required rear red warning light was inoperable.

To the extent here relevant Berhow's petition alleges, (1) Jensvold was negligent in renting him a tractor without an operable rear warning light, and failing to apprise him of such defect; (2) these acts of negligence were proximate causes of the collision. Jensvold asserts Berhow was contributorily negligent in operating the vehicle on a public highway after dark without displaying a red warning light as required by law.

Trial jury found Berhow entitled to damages from Jensvold. Judgment was accordingly entered. Subsequently Jensvold moved for judgment notwithstanding the verdict which was sustained.

On appeal from this adjudication Berhow contends trial court erroneously (1) entered judgment notwithstanding the verdict, (2) overruled his objections to specified jury instructions given.

I. Prefatorily it is essential we determine the nature of Berhow's action against Jensvold.

█ It is to us evident the oral rental agreement entered into by Jensvold and Berhow created a bailment for mutual benefit, which in effect makes it one for hire, Jensvold being bailor, Berhow bailee. See 8 Am.Jur.2d, Bailments, §§ 6, 10; 8 C.J.S. Bailments § 8a.

█ II. Under such a bailment there is imposed on the bailor, by operation of law, an obligation similar to an implied warranty of fitness in the sale of personal property, i. e., the thing or property hired shall be reasonably suitable for the use known to be intended. See Meester v. Roose, 259 Iowa 357, 359-360, 144 N.W.2d 274; Frumer & Friedman, Products Liability, § 19.02 (2); 8 C.J.S. Bailments § 25a; Annot. 68 A.L.R.2d 850. See also Ekco Products Company v. United States, 312 F.2d 768, 771-772, 160 Ct.Cl. 75; Penton v. Favors, 262 Ala. 262, 78 So.2d 278, 281-282.

█ III. Additionally, the bailor is under a separate duty to use reasonable care to the end that the chattel supplied be reasonably safe for the use to which it is to be put. See Brandon v. Roy, 259 Iowa 1271, 1274-1275, 147 N.W.2d 810; Restatement, Second, Torts, § 408; 8 C.J.S. Bailments § 25a.

█ IV. Consequently, a "for hire" bailee's action to recover for injuries caused by an allegedly unsuitable bailed chattel may be (1) in contract for breach of the implied warranty of fitness or (2) in tort for negligence in failing to use reasonable care to ascertain it was in fact suitable. See Chrischilles v. Griswold, 260 Iowa 453, 459, 150 N.W.2d 94; Giarratano v. Weitz Company, 259 Iowa 1292, 1305, 147 N.W.2d 824; Russell & Co. v. Polk County Abstract Co., 87 Iowa 233, 238-239, 54 N.W. 212; Aircraft Sales & Service v. Gantt, 255 Ala. 508, 52 So.2d 388, 391; 8 Am.Jur.2d, Bail-

ments, §§ 150, 285; 8 C.J.S. Bailments § 25; Annot. 46 A.L.R.2d 404, 408; cf. Blakeley v. Estate of Shortal, 236 Iowa 787, 790–791, 20 N.W.2d 28.

It therefore follows Berhow could have asserted against Jensvold an action either *ex contractu* or *ex delicto*, or both. See Iowa R.Civ.P. 22; Nelson v. Iowa-Illinois Gas & Elec. Co., 259 Iowa 101, 106–107, 143 N.W.2d 289; Presthus v. Western Mutual Insurance Company, 257 Iowa 1035, 1039–1040, 135 N.W.2d 549; Connell v. Hays, 255 Iowa 261, 271, 122 N.W.2d 341; Kunzman v. Cherokee Silo Co., 253 Iowa 885, 891, 114 N.W.2d 534; Eklof v. Waterston, 132 Or. 479, 285 P. 201, 203.

V. The question now to be resolved is whether Berhow, by his action against Jensvold, seeks relief premised on breach of contract or negligence, or both. In that regard Berhow's one count petition as against Jensvold alleges, in relevant part:

"The defendant, Jensvold, Inc., was *negligent* in the following particulars which *negligence* was a proximate cause of said accident and the resulting injuries:

"a. In leasing to this plaintiff a tractor that was not equipped with a workable rear red light.

"b. In failing to apprise this plaintiff that the tractor leased to him was not equipped with a workable red rear light.

"c. In permitting this plaintiff to drive said tractor upon a public highway when lights were required without apprising him that said tractor was not equipped with a workable rear red light." (Emphasis supplied).

This allegation, and attendant theory upon which the case was tried, clearly discloses Berhow's action against Jensvold was predicated on negligence alone, i. e., failure to exercise reasonable care to the end that the tractor entrusted was reasonably safe for the use to which put. See Aircraft Sales & Service v. Gantt, 255 Ala. 508,

52 So.2d 388, 391–392; 8 C.J.S. Bailments § 49 at 508.

By the same token it is equally evident Berhow neither directly nor by implication declared a breach of implied fitness warranty, i. e., the tractor was reasonably suitable for the use known to be intended. See A.A.A. Parking, Inc. v. Bigger, 113 Ga.App. 578, 149 S.E.2d 255, 258; 41 Am.Jur., Pleading, §§ 95–99; 71 C.J.S. Pleading §§ 17–18.

Despite some hold-mending arguments to the contrary, Berhow here candidly concedes the foregoing by this statement in his reply brief:

"The plaintiff could sue for the breach of the contract or for the tort created by the breach. The former would be a suit ex contractu and the latter would be a suit ex delicto. This was a suit ex delicto claiming negligence growing out of the breach of the bailment contract. That was the plaintiff's position at the inception of the suit and his position remains the same at this time."

■ Additionally, the case was unquestionably tried and jury instructed on the *ex delicto* theory. We are thus restricted to an action premised on negligence alone. See Smith v. Newell, 254 Iowa 496, 499–500, 117 N.W.2d 883, and citations; Bryan v. Iowa State Highway Commission, 251 Iowa 1093, 1095–1096, 104 N.W.2d 562.

In light of the foregoing it is apparent negligence, contributory negligence, and proximate cause instantly come into play. See The Code 1966, Section 619.17; Andrews v. Struble, 178 N.W.2d 391, 398 (Iowa); Bauman v. City of Waverly, 164 N.W.2d 840, 844–845 (Iowa); Schultz v. Gosselink, 260 Iowa 115, 120–121, 148 N.W.2d 434.

■ VI. Our review is on errors assigned. Iowa R.Civ.P. 334. Also, since this is an appeal from a judgment notwithstanding the verdict, the evidence must be viewed in that light most favorable to plaintiff.

Dobson v. Jewell, 189 N.W.2d 547, 550 (Iowa).

VII. Inceptionally it is understood the nighttime operation of a tractor on a public highway without a lighted rear red light affixed thereto constitutes negligence *per se*, absent legal excuse. See The Code 1966, Sections 321.384, 321.387, 321.-398; Kohler v. Sheffert, 250 Iowa 899, 906, 96 N.W.2d 911; Reed v. Willison, 245 Iowa 1066, 1071–1072, 65 N.W.2d 440; Semler v. Oertwig, 234 Iowa 233, 256, 12 N.W.2d 265. Furthermore, this standard is made statutorily applicable to the conduct of both Jensvold and Berhow by Code § 321.381. Cf. Restatement, Second, Torts, § 469. Absent any sufficiently specific or effective objections the jury was accordingly instructed. See Iowa R.Civ.P. 196; Andrews v. Struble, 178 N.W.2d 391, 399 (Iowa).

Moreover, an examination of the record fails to disclose any showing of legal excuse on Berhow's part. See Florke v. Peterson, 245 Iowa 1031, 1035–1036, 1037–1038, 65 N.W.2d 372.

VIII. Berhow argues, however, his negligence could not inure to Jensvold's benefit since the purpose of Code §§ 321.381, 321.-384 and 321.387 is to protect other motorists, not the bailors of vehicles operated on a public highway.

It is doubtful that issue was even sufficiently raised or the court adequately alerted thereto in course of trial. Furthermore, it is here only argumentatively suggested, for the first time, in Berhow's opening brief. See e. g., Galvin v. Suchomel, 186 N.W.2d 662, 665 (Iowa).

In any event it is not timely raised on appeal, being here first asserted by Berhow in his reply brief. For that reason alone this belatedly assigned error cannot now be considered. See Iowa R.Civ.P. 344(a) (4) (Third); Wolfswinkel v. Gesink, 180 N.W.2d 452, 457 (Iowa).

IX. By instruction 22 the jury was, in material part, told:

"Because of the numerous claims and defenses involved in this case, the court will require you to return a special verdict. A special verdict consists of findings on the issues of fact involved in the case. Your verdict will be in the form of answers to interrogatories propounded to you by the court and findings as to amount of damages. From your answers and findings the court will enter the appropriate judgment."

See generally Iowa R.Civ.P. 205, 206; Dezsi v. Mutual Benefit Health & Accident Ass'n, 255 Iowa 1027, 1037, 125 N.W.2d 219; Johnson v. Mutual Life Ins. Co., 253 Iowa 1218, 1231–1232, 115 N.W.2d 825; Hiller v. Lenz, 253 Iowa 64, 66, 111 N.W. 2d 278; Ipsen v. Ruess, 241 Iowa 730, 737, 41 N.W.2d 658; Sparks v. Long, 234 Iowa 21, 26, 11 N.W.2d 716; 38 F.R.D. 199–301; 53 Am.Jur., Trial, §§ 1063–1093; 89 C.J.S. Trial §§ 526–573; 52 Kentucky L.J. 852; 35 Yale L.J. 296; Annots. 6 A.L.R.3d 438, 91 A.L.R.2d 776; 90 A.L.R.2d 1040.

Then over Berhow's generalized objections, neither raised nor argued as a basis for reversal on this appeal, these instantly relevant interrogatories were submitted and answered by the jury as shown:

"(C) Was Berhow negligent in any of the particulars as alleged in Instructions 1, 2 and 3 and as explained in these Instructions? Answer: YES

"(D) If your answer to (C) is 'yes', then, was Berhow's negligence either the sole or a concurring proximate cause of the collision? Answer: NO

"(E) Was Jensvold negligent in any of the particulars as alleged in Instruction 2? Answer: YES

"(F) If your answer to (E) is 'yes', then, was Jensvold's negligence either the sole or concurring proximate cause of the collision? Answer: YES"

**384**

As heretofore stated the jury found Berhow entitled to damages from Jensvold. Judgment was accordingly entered. Thereafter Jensvold, absent any objection by Berhow, moved for judgment N.O.V. In sustaining same trial court held:

"The jury found that the plaintiff Berhow was negligent in operating the tractor without a rear red light in violation of statute. This was the only specification of negligence submitted against Berhow. The finding is fully supported by uncontradicted evidence. There was no evidence or claim of legal excuse for the violation of statute.

"The jury found that Jensvold, Inc. was negligent either (1) in leasing the tractor without a workable rear red light, or (2) in permitting Berhow to drive upon a public highway when lights were required without apprising him that the tractor was not equipped with a workable rear red light. These were the only specifications submitted against Jensvold, Inc. There was sufficient evidence to support a finding of negligence on the part of Jensvold, Inc. as to either or both of these specifications.

"The lack or absence of a proper rear red light is essential to and inherent in a finding of negligence against Berhow and a finding of negligence against Jensvold, Inc. under either specification.

"The jury found that the negligence of Berhow was not a proximate cause of the collision, but that the negligence of Jensvold, Inc. was a proximate cause. Since the basic element of the negligence of both Berhow and Jensvold, Inc. was the lack of a proper rear red light, the findings on proximate cause are inconsistent. The court is aware that the question of proximate cause is generally for the jury, but this rule is not applicable here.

"The jury could have found under the evidence that the negligence of both was a proximate cause or that the negligence of neither was a proximate cause, but findings that one was and the other was not are inconsistent and irrational.

"While the court did not so instruct, it is the opinion of the court that Berhow's negligence in violation of statute was established as a matter of law in the absence of any claim or evidence of legal excuse. In effect, Berhow acknowledged operating without a rear red light in order to establish his claim of negligence against Jensvold, Inc.

"With Berhow's negligence established as a matter of law and the jury's findings on causation limited to findings either that the negligence of both was a proximate cause or the negligence of neither was a proximate cause, it appears that as a matter of law plaintiff could not recover either because of failure of his case against Jensvold, Inc. or because of his own contributory negligence. If Berhow established a case against Jensvold, Inc., it necessarily involved establishing his own contributory negligence."

There is to us no alternative but to here adopt trial court's reasoning, *supra*.

X. Berhow has at no time challenged the propriety of a judgment N.O.V., or trial court's power and authority, under existing circumstances, to grant same. See Iowa R. Civ.P. 206. Rather he here contends entry of that judgment was instantly erroneous for two other separate and distinct reasons.

His initial claim is trial court erred in substituting its finding as to proximate cause for that of the jury by answer to special interrogatories. In this regard he maintains proximate cause is a question of fact for jury determination, not one of law for the court. Mindful of our holdings, *supra*, we find this contention instantly unconvincing.

While generally the question of proximate cause is for the jury, in exceptional cases it becomes one of law to be determined by the court. Iowa R.Civ.P. 344

(f) (10); e. g., Andrews v. Struble, 178 N.W.2d 391, 398 (Iowa). In this respect we have held, where the facts are so clear and undisputed, and relation of cause and effect so apparent to every candid mind that but one conclusion may be fairly drawn therefrom, the question of proximate cause becomes one of law. E. g., Boegel v. Morse, 251 Iowa 1253, 1256, 104 N.W.2d 826; Noble v. Edberg, 250 Iowa 1331, 1335, 98 N.W.2d 741; Dunham v. Des Moines Railway Co., 240 Iowa 421, 427, 35 N.W.2d 578.

Alternatively Berhow asserts, even though negligent himself, and such was a proximate cause of the collision, he is still entitled to recovery. His argument in this regard is, in essence, while contributory negligence concededly bars recovery in a tort action, such rule of law does not apply to an action predicated on breach of contract. See 17A C.J.S. Contracts § 525 (1), at 1018; Annot. 68 A.L.R.2d 850, at 867.

Having already determined Berhow's action stands entirely in tort there is no need to again discuss this issue.

XI. Also assigned as error is trial court's overruling of Berhow's exceptions to instructions 8 and 15. There is no need to extend this opinion by here repeating them.

Berhow objected to both of these instructions on the ground they failed to instruct regarding his right to assume the tractor would be equipped with an adequate and operable rear red light until he either knew or should have known to the contrary. We find no reversible error in that purported omission.

This court has consistently held instructions given must be construed as a whole. E. g., Leaders v. Dreher, 169 N.W.2d 570, 577 (Iowa). And if the point raised by objection is substantially covered in other instructions there is no basis for complaint. See City of Des Moines v. Peterson, 261 Iowa 736, 737–738, 156 N.W.2d 126; State v. Shipley, 259 Iowa 952, 957–958, 146 N.W.2d 266.

Instantly the alleged omission was substantially covered by instruction 14 to which Berhow offered no objection. More specifically trial court, by instruction 14, set forth at length the duty owed by Jensvold to provide Berhow with a vehicle reasonably fit for the purpose known to be intended. This instruction clearly incorporates the material element which Berhow now alleges was omitted in instructions 8 and 15.

Furthermore, if instruction 14 was not as complete or specific as Berhow may have desired he now has no cause for complaint. This court has consistently held a party cannot assert, on appeal, the insufficiency of an instruction as to which he has not timely requested a more complete or specific statement. See State v. Kaster, 160 N.W.2d 856, 859 (Iowa); LaSell v. Tri-States Theatre Corp., 235 Iowa 492, 503, 17 N.W.2d 89; Hansen v. Nelson, 240 Iowa 1298, 1311, 39 N.W.2d 292; Buskol v. VanEman, not contained in Iowa Reports, 6 N.W.2d 147, 148.

XII. Finally, for reasons stated above, any attempt to review the instant case as one standing in contract between bailor and bailee would be contrary to established principles of law. Harsh as the result may be, it still remains this action stands in law, and cannot be evaluated as one in equity.

We have reviewed all errors properly assigned by plaintiff on appeal and find therein no basis for reversal.

Affirmed.

All Justices concur, except REYNOLDSON and BECKER, JJ., who dissent, and HARRIS, J., who takes no part.

REYNOLDSON, Justice (dissenting).

The majority opinion treats plaintiff's petition as purely negligence (tort) action

and therefore regards the bailor-bailee relationship as wholly immaterial to the application of the tort principles involved. The rigid Aristotelian logic evidenced by the trial court and quoted by the majority is unnecessary and inappropriate to a case of this kind.

Had Berhow sued only the bailor Jensvold it is inconceivable the resulting posture of the case would have generated this result. But because Berhow exercised his right to sue both Jensvold and Kroack, the driver of the colliding auto, it does not or should not mean the interplay of applicable duties and rights are the same with respect to both defendants. The trial court's dilemma in this situation is understandable but we submit its resolution is incorrect.

The jury, despite the inadequate instructions, noted infra in division II, saw the necessary distinction as to the relationship between Berhow and Kroack on the one hand and Berhow and Jensvold on the other hand. It is true Berhow, as to Kroack, could be found guilty of a form of statutory contributory negligence as a matter of law. But, as the jury recognized, this was not necessarily a proximate cause of the accident and loss *as between the bailor and bailee.*

I. In pararaph 2 of the petition Berhow alleged "this plaintiff had rented for a good and valuable consideration from Jensvold, Inc., a 560 Farmall Tractor for use upon his farm and while proceeding to his home from the Jensvold, Inc. establishment from which it was rented * * * was hit from behind * * *." This allegation was admitted by Jensvold. This bailor, by amendment to answer, affirmatively alleged Berhow was contributorially negligent because he operated the leased tractor on a public highway without a lighted rear lamp exhibiting a red light plainly visible from a distance of 500 feet to the rear in violation of § 321.387, The Code; and operating said tractor in this condition after dark in violation of § 321.398.

Before trial Berhow moved to strike this defense, pointing out to the court "it was the duty and obligation of Jensvold, Inc. to have this tractor equipped with such a light and its failure to do so cannot be set as a defense to the Petition of this plaintiff." In resistance, Jensvold alleged,

"That the duty of the plaintiff not to operate a motor vehicle upon the highway without displaying a red light is a separate and independent duty based upon a statutory requirement, and has no connection or relationship to the separate duty, if any, to furnish a motor vehicle equipped with such a light."

Berhow's motion was overruled.

In instruction 15 trial court referred to the allegations of Berhow's claimed negligence, set out the statutory requirement of a rear red light on a night-operated tractor, and stated "A failure to comply with this provision of law constitutes negligence." This instruction was necessitated by a counterclaim of the other driver against Berhow, which claim is not otherwise relevant here.

In instruction 16 trial court defined proximate cause in the usual terms including the concept that the proximate cause is "a moving or producing cause."

By answer to special verdict the jury found Berhow guilty of negligence, as was plainly mandated by instruction 15. However, when inquiry was made by special verdict whether Berhow's negligence was "either the sole or a concurring proximate cause of the collision" the jury answered "No."

Clearly, jury found the "moving or producing cause" of the collision was Jensvold's negligence in furnishing the faultily equipped tractor. By application of common sense and reason the jurors must have found plaintiff's unknowing but matter-of-law "negligence" under the doctrine of Kisling v. Thierman, 214 Iowa 911, 243 N.W. 552 (1932) was not the moving or produc-

ing cause: that plaintiff and tractor together merely created the instrument by which Jensvold's continuing negligence arrived at the place and time of collision.

Trial court first entered judgment against Jensvold and in favor of Berhow for the damages returned by the jury. Jensvold filed motions for judgment notwithstanding the verdict, and in the alternative, for new trial. While the majority states the first motion was "absent any objection by Berhow" the record clearly indicates Berhow's counsel appeared in resistance to the motion. There is no rule requiring a party to resist within any specified time motions under rules 243 and 244, Rules of Civil Procedure. Resistance can be made at the hearing. Sandler v. Pomerantz, 257 Iowa 163, 131 N.W.2d 814 (1964); 56 Am.Jur. 2d, Motions, Rules, and Orders § 20, p. 16; 60 C.J.S., Motions and Orders § 33, p. 43. Jensvold's alternative motions abandoned its pre-trial theory when, resisting Berhow's motion to strike affirmative defense, it alleged Berhow's claimed negligence and Jensvold's negligence had "no connection or relationship." To the contrary, Jensvold's post-trial motion argued the "duty of plaintiff Berhow was correlative with and the same as the duty of the defendant Jensvold with reference to seeing that a red light was on the rear of the tractor." Trial court adopted this reasoning, held Berhow contributorially negligent as a matter of law under the *Kisling* rule, and entered judgment for defendant Jensvold.

Appellant Berhow argues in his initial brief that although the *Kisling* rule is available for the protection of other highway users, it is not applicable as a contributory negligence defense by a bailor. In this relationship, Berhow asserts he had a right to assume the vehicle was reasonably suitable for the purpose leased. Only if he operated it after he became aware or should have become aware of the defect would a jury question on his contributory negligence be generated. This theory was advanced in both briefs filed by Berhow

and adequately raised at trial by instruction objections set out in the next division.

When violation of a vehicle equipment statute constituting contributory negligence as a matter of law with respect to the driver of another colliding vehicle is carried over into the bailment relationship, confusion in determining proximate cause of the collision follows. But application of the standard contended for by Berhow (that he had a right to rely on Jensvold's duty performance until he knew or should have known the tractor was illegally equipped) permits the necessary flexibility and insight in assigning proximate cause. To give Jensvold the benefit of the *Kisling* rule as trial court did by substituting judgment for Jensvold in place of Berhow is to make Jensvold the beneficiary of its own negligence.

A rule permitting a bailor for hire of autos or other vehicles to employ as a contributory negligence defense the statute-violating defect occasioned by bailor's own negligence, absent any actual negligence regarding the defect by bailee, would be unwise public policy. Such built-in immunity from liability sharply limits the legal incentive for lessor to rent vehicles suitable for the intended purpose.

The rule reduces the logic of the situation to an absurdity. Since the statutory violation (equipment defect) is negligence per se in all cases, the bailor may supply a defective vehicle to the bailee without risk of liability for injury to the bailee. The contributory negligence concept acts as an absolute shield. This is directly contrary to all known principles of bailment law. The failure to allow bailment principles free interplay causes the logical dilemma found in the trial court's judgment and this court's opinion.

Where the dominant principles of two fields of law collide it is our duty to reconcile them if we can. Absent reconciliation we have a duty to choose the principle which will most nearly effectuate justice. We have failed here in both aspects. See

J. Stone, Legal System and Lawyers' Reasonings 248–252 (1964).

The real contributory negligence issue between bailor and bailee is not whether the tractor was operated on the highway with statutorily faulty equipment (this must be taken as established for bailee to make a case against bailor) but whether the bailee was negligent in so operating the equipment when he knew or should have known of such condition. This was never brought home to the jury but the jury reached the proper result through the common sense application of the doctrine of proximate cause. The verdict should be reinstated.

II. In division II of his brief Berhow contends trial court erred in overruling his exceptions to instructions 8 and 15. Number 8 specified what the respective *vehicle drivers* had a right to assume: that the *other* would observe the law until he knew, or should have known, otherwise. Instruction 15 referred to allegations of Berhow's negligence in operating the tractor without proper lighting equipment, stated the substance of the statutory law, and concluded, "A failure to comply with this provision of law constitutes negligence."

In excepting to instruction 8 Berhow stated in part,

"* * * The right to assume that the other would observe and obey the law until he knew or in the exercise of ordinary care should have known to the contrary is applicable to duty imposed upon Jensvold, Inc. the same as upon both of these drivers.

"In other words, this plaintiff had a right to assume that Jensvold, Inc. would exercise reasonable care to have the tractor in reasonably safe condition to comply with the laws of the State of Iowa in connection with the operation of said tractor upon a public highway, until the driver, Berhow, either knew or should have known to the contrary. Under this instruction he is entitled to no such right to assume. The instruction as given places a greater burden upon Donald Berhow than is imposed by law [.] [U]nder this instruction he would be guilty of negligence in operating this vehicle after dark on the highway without a red rear light whether he knew or didn't know that such was the situation.

"In other words, he had no right under this instruction *and under the instructions as a whole* to assume that Jensvold, Inc. did what the law imposed upon him in connection with a tail light, and the evidence shows without dispute that Jensvold knew that this vehicle was to be used upon the highway at night * * *." (emphasis added)

In objection to instruction 15 plaintiff said,

"The plaintiff excepts to Instruction No. 15 for the reason that it imposes a greater burden upon this plaintiff than is imposed by law. The plaintiff is entitled to assume that this tractor was equipped with a workable red rear light until he either knew or should have known to the contrary. He also had a right to assume that if this tractor was defective for use upon the public highway at night when lights were required that Jensvold, Inc. would apprise him of that fact * * *. That rule of law is not embodied in Instruction No. 15 *nor in any other instruction* and consequently duty is imposed upon him to have a red light under this instruction and he is not given the right to rely or assume on Jensvold." (emphasis added)

The bailment contract imposes the duties upon bailor outlined in divisions II and III of majority's opinion. Tierstein v. Licht, 174 Cal.App.2d 835, 345 P.2d 341 (1959). But this relationship also creates legal rights in the bailee. A bailee for hire has no duty to inspect but has the *right* to assume the vehicle is roadworthy. 8 Am.Jur.2d, Bailments § 144, pp. 1040–41; 61A C.J.S., Motor Vehicles § 762, p. 727.

In Witte v. Whitney, 37 Wash.2d 865, at 869, 226 P.2d 900, at 902 (1951) the court said,

"A bailee for hire has no duty of inspection before using a car. *He has a right to assume that it is roadworthy.* What would constitute a notice of defect sufficient to shift the responsibility to him, in the event that the defect causes an accident, *is a factual question for the jury to determine,* in light of all of the circumstances of the case." (emphasis added)

This right of the bailee was repeatedly raised by Berhow in objections to instructions given. He expressly objected his right to assume the tractor was without defect was not incorporated in any of the instructions. We have held such objections will preserve the error even though a requested instruction is not offered. Sturm v. Tri-City Ry. Co., 190 Iowa 387, 178 N.W. 525 (1920); see also Dakovich v. City of Des Moines, 241 Iowa 703, 42 N.W.2d 511 (1950); Wells v. Chamberlain, 185 Iowa 264, 168 N.W. 238 (1918).

Was this legal concept, of controlling importance in Berhow's case against Jensvold, incorporated in any other instruction? Jensvold is reduced to asserting in its brief, "All the rules relating to the duties of Jensvold as a bailor were set out in Instruction 14, which was not excepted to by the appellant. These rules, therefore, need not be repeated in Instruction 15." Granting that instruction 14 sets out the *duties* of Jensvold, bailor begs the question: Berhow's objection to instruction 15 was not that it did not set out Jensvold's *duties* but that neither it nor any other instruction set out Berhow's *right* to assume the vehicle was roadworthy, i. e., had a proper tail light. This goes to the heart of Berhow's claimed contributory negligence in his case against Jensvold.

And majority in division XI of the opinion falls into the same error by holding

instruction 14 "clearly incorporates the material element which Berhow now alleges was omitted in instructions 8 and 15."

Instruction 14 appears on pages 320 and 321 of the record filed here. It would unduly extend this dissent to set it out in full. This instruction clearly refutes any claim the court did not recognize a bailment relationship existed. Fairly summarized, it specified Jensvold as "lessor" was under a duty to provide a tractor reasonably safe for the use intended and had a duty to make a reasonable inspection and correct any defects that should have been discovered or to warn the lessee of such defects. This instruction concluded, "A failure in this duty would be negligence." *At no place in instruction 14 is there any articulation or hint of plaintiff's right to assume these duties were in fact performed by Jensvold.* Nor is this law to be found in *any* instruction submitted.

The record will not sustain the position of Jensvold and majority that this pertinent law was incorporated in instruction 14. The conclusion reached by majority in division XI of the opinion, bottomed upon this faulty factual foundation as to what the record is, should not be permitted to stand.

III. The tractor bailment for hire was pled by Berhow and admitted by Jensvold. The resulting duty of Jensvold to furnish a suitable vehicle and the corresponding right in Berhow to assume it roadworthy, together with the rule that his contributory negligence would arise only when he knew or should have known of its defective condition, prevail in a law action ex delicto. Scharf v. Gardner Cartage Co., 95 Ohio App. 153, 113 N.E.2d 717 (1953); Witte v. Whitney, 37 Wash.2d 865, 226 P.2d 900 (1951).

Berhow's proof developed this bailment situation. In his instruction objections he contended for these applicable rules governing his alleged contributory negligence

and his right to assume roadworthiness. Majority does not dispute that these issues were raised on appeal. Failure of trial court to accept relevant legal concepts upon submission of the case inexorably led to the application of the wrong law on the post-verdict motions.

In the final analysis it would seem the majority opinion upholds the judgment notwithstanding the verdict because the pleadings were not sufficiently clear and the theories were not clearly enough articulated at trial. As pointed out in prior divisions, we disagree. But even if this were the case, these procedural problems should not control here. The public policy considerations are too important. Hormel v. Helvering, 312 U.S. 552, 557, 61 S.Ct. 719, 721, 85 L.Ed. 1037, 1041 (1941), says it well:

> "Rules of practice and procedure are devised to promote the ends of justice, not to defeat them. A rigid and undeviating judicially declared practice under which courts of review would invariably and under all circumstances decline to consider all questions which had not previously been specifically urged would be out of harmony with this policy. Orderly rules of procedure do not require sacrifice of the rules of fundamental justice."

Cf. O'Neill v. United States, 411 F.2d 139, 144 (3 Cir. 1969).

This would seem to be a complete answer to the position that the result is harsh but mandated by procedural rules of law.

At the very least, if division I of this dissent is ignored, the judgment for Jensvold, Inc. should be reversed and the cause remanded for new trial under proper instructions.

BECKER, J., joins in this dissent.