ROSE Z. HENRY, Appellee, v. LIZZIE V. HENRY, Appellant.

**TRIAL:** Instructions—Exceptions—Effect of Extension of Time to File Motion for New Trial. An extension of time in which to file motion for new trial does not, *ipso facto,* extend the time for filing exceptions to instructions.

*Appeal from Mahaska District Court.*—D. W. HAMILTON, Judge.

NOVEMBER 16, 1920.

REHEARING DENIED FEBRUARY 17, 1921.

ACTION for damages consequent on the alleged alienation of the affections of plaintiff's husband by his sister, the defendant, resulted in a verdict for plaintiff, and judgment thereon. The defendant appeals.—*Affirmed.*

*L. T. Shangle, D. C. Waggoner,* and *Malcolm & True,* for appellant.

*Reynolds & Heitsman* and *McCry & McCoy,* for appellee.

PER CURIAM.—I. The plaintiff was married to defendant's brother, June 10, 1914. He was her third husband, and she his first wife. She was over 40 years of age, and he had lived 56 years. They undertook to, and did at times, occupy certain parts of the dwelling house situated on premises owned by the

husband and the defendant, as tenants in common, and the defendant occupied other portions thereof. The latter was over 60 years of age, and had never been married. There was evidence from which the jury might have found that plaintiff had enlisted the affections of her husband, and that defendant, by her course of conduct, had alienated his affections, such as they were. The jury might, if so disposed, have found to the contrary, for the evidence was in sharp conflict; and that body must have based their conclusion in reliance on the truthfulness of the plaintiff's story, and the rejection of that of defendant and her brother. It will serve no useful purpose to review this evidence. It is enough to say that it was sufficient to carry the issues to the jury.

II. Appellant complains of several of · the instructions. No exception was taken to either of two of these. Alleged exceptions to seven of the instructions are found only in the motion for new trial, filed eight days after the verdict was returned and filed. Further time within which to file exceptions had not been allowed by the court, though there was an extension of time to file motion for new trial. The latter order did not operate to extend the time for filing exceptions to instructions. This has always been the rule (*Haman v. Preston,* 186 Iowa 1292), and Chapter 24, Acts of the Thirty-seventh General Assembly, does not warrant any different holding. That section requires that exceptions to instructions, or any part thereof, be filed within five days after the verdict in the cause is filed, or within such further time as the court may allow. These may be included in the motion for new trial, or may be filed separately therefrom. There is no necessary connection between the two, and ·neither necessarily depends on the other; and, unless a different time is specified, exceptions to the instructions, in order to authorize their review, must be filed within five days after the verdict. As the exceptions were not interposed until eight days after the verdict, and further time was not allowed, alleged errors in instructions may not be considered. As to whether they complied with the statute in other respects, see *Anthony v. O'Brien,* 188 Iowa 802.

III. No error appears in other rulings complained of, and the judgment is—*Affirmed.*