SUSAN SHAW, Appellant, v. DES MOINES CITY R. CO., Appellee.

**TRIAL:** Instructions—Failure to Except. A total failure to preserve exceptions to instructions precludes review on appeal.

*Appeal from Polk District Court.*—J. D. WALLINGFORD, Judge.

NOVEMBER 15, 1921.

ACTION for personal injury. Verdict and judgment for the defendant. Plaintiff appeals.—*Affirmed*.

*E. A. Lingenfelter*, for appellant.

*W. H. McHenry*, for appellee.

FAVILLE, J.—The only error relied upon for reversal is thus stated in appellant's argument:

"The court erred in its instructions to the jury in giving Instruction No. 2, Instruction No. 11, and Instruction No. 12, in which instructions the plaintiff was required to prove her freedom from contributory negligence before she could recover. The error is made and repeated in the above numbered instructions, and upon these errors the plaintiff relies for a reversal."

The record shows that verdict in said cause was returned

on January 20, 1920, and that, on the 22d day of January, 1920, the court made an order, as follows:

"Plaintiff is hereby granted 10 days from January 22, 1920, within which to file motion for new trial."

A motion for a new trial was filed on January 28, 1920. No exceptions to the instructions were taken at any time.

We have expressly held that the granting of an extension of time in which to file a motion for a new trial does not extend the time in which to take exceptions to the instructions given. The only error relied upon is in respect to the giving of instructions, and no exceptions to said instructions are preserved. Upon such a record, we cannot consider the sole error relied upon for reversal.

Our holding in the recent case of *Henry v. Henry*, 190 Iowa 1257, is conclusive on this question.

The judgment of the lower court must be, and the same is,— *Affirmed.*

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.