OLIVE G. SPARKS, Appellee, v. HOMER LONG, Appellant.

No. 46310.

NOVEMBER 16, 1943.

R. B. Hawkins, of Leon, and Putnam, Putnam, Fillmore & Putnam, of Des Moines, for appellant.

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, all of Osceola, for appellee.

MULRONEY, C. J.—On Sunday evening, June 29, 1941, plaintiff was a visitor at the Decatur County Hospital in the vicinity of the north city limits of Leon, Iowa. She left the hospital about 8:30 p. m., when it was dark, and walked down a diagonal sidewalk leading to the corner of highway 69, a paved road running north and south on the west side of the hospital grounds, and a gravel road running east and west on the south side of the hospital. This intersection is a T-intersection with the gravel road running east, but not west, of the paved highway. When plaintiff reached the northeast corner of the intersection she walked south to about the middle of the gravel road on the east side of the paved highway. She then turned west, and, after waiting until some northbound cars passed, she started across the pavement and was struck by defendant's southbound automobile, sustaining a fractured pelvis and other injuries.

In her suit against defendant for damages for her injuries plaintiff alleged twelve grounds of negligence. The court submitted four, and, at defendant's request, a special interrogatory inquiring whether defendant's car had lights on. The jury answered the interrogatory in the affirmative and returned a verdict for defendant. Plaintiff filed a motion for new trial upon twenty-five grounds which was sustained by the trial court "on all of the twenty-five grounds" and the verdict of the jury and the answer to the special interrogatory were set aside. It is from this action of the trial court that defendant appeals.

The twenty-five-ground motion for new trial contains many duplications and enumerates as grounds some complaints that are not found in the statute. Plaintiff calls our attention to

the broad discretionary powers of the trial court in granting a motion for new trial and cites many decisions of this court recognizing this rule. But the discretion which the trial court possesses is a legal discretion—one that must be exercised upon sound judicial reasoning. It is not unlimited. Eller v. Paul Revere Ins. Co., 230 Iowa 1255, 300 N. W. 535. The trial court may grant a new trial only upon the grounds stated in section 11550, Code of 1939. "Inferior courts have no authority to grant new trials except such as is given them by statutes." 46 C. J. 60, section 2. The trial court's ruling sustaining the motion for new trial amounts to a decision that a fair trial was not had. Upon this review we deem it our duty to scrutinize the record with great care to see if the court's conclusion can reasonably be supported. Everyone is entitled to a fair trial of the issues he tenders to a court or jury, but due regard for our judicial system compels that he be accorded but one fair trial. Since the motion for new trial was sustained "on all of the twenty-five grounds" by the trial court, we will have to discuss them all, although we feel proper consideration will admit of some grouping of the grounds alleged in the motion.

I. Defendant argues that under the record his motion for directed verdict should have been sustained on the ground that plaintiff was guilty of contributory negligence as a matter of law and this in itself negatives the right of plaintiff to a new trial. In grounds 2, 3, 4, 5, 8, 17, 18, and 25 of the motion for new trial plaintiff alleged that the verdict of the jury was "not supported by the evidence * * * contrary to the evidence * * * contrary to the law * * * not the result of due deliberation * * * unfair, unjust, and wrong * * *" and the verdict does the "plaintiff an injury." In the foregoing grounds plaintiff invokes the statutory ground "that the verdict * * * is not sustained by sufficient evidence, or is contrary to law." Here, plaintiff invokes the sixth statutory ground for granting new trial found in section 11550: "That the verdict * * * is not sustained by sufficient evidence, or is contrary to law."

We agree with the conclusion but not the premise of defendant's argument. It is true that if defendant were entitled to a directed verdict on the ground of plaintiff's contributory negligence, then plaintiff would have no right to a new trial.

But we cannot say, under this record, that plaintiff was guilty of contributory negligence as a matter of law. The plaintiff was a woman sixty-three years of age, and she testified that she waited on the east side of the paved highway somewhere near the center of the gravel road for three northbound cars on highway 69 to pass; that she intended to go to the sidewalk on the west side of highway 69 as there was no sidewalk on the east side; that it was dusk and the northbound cars had their lights on; and that after the northbound cars had got by her "possibly 50 feet" she started west across the paved highway. She further testified:

"Before I started across the street and while I was crossing it I looked both ways. There were no lights of any car from the north coming in my direction. There was no car coming from the north that gave any signal of the horn or in any other way. * * * I kept watching for a car from the north during all the time that I was attempting to cross the street. I could see the tail-light of the car going north all of the time."

Plaintiff's testimony in her own behalf was the only testimony she introduced in the main case as to the occurrence of the accident. Her other witnesses testified as to her injuries and certain measurements, and one rebuttal witness testified about an admission allegedly made by defendant that he was driving approximately forty miles an hour at the time of the accident and that "he had seen the lady standing at the side of the road from the lights of an oncoming car from another direction * * *."

The defendant, a resident of Missouri, testified he was driving south on highway 69, with his wife in the front seat with him, and his mother, father, and seventeen-year-old son in the rear seat. He and his wife and father all testified that the lights on his car were burning. His mother did not attend the trial, and his son was asleep at the time of the accident. His testimony that the lights were on was corroborated by Richard Graham and Kenneth Craig, the driver and occupant of the last northbound car that passed defendant just before the accident, and by Arthur Boswell, who was sitting in a parked car on the south side of the hospital. Roy Blakesley, who was in his yard near the

scene of the accident, testified that defendant's lights were on immediately after the accident when plaintiff was lying on the pavement. The defendant further testified he was going approximately twenty-five miles an hour at the time of the accident; that just as he passed the northbound string of cars he saw plaintiff "going diagonally across the highway with her head down, in either a trot or a long walk * * *." He testified she was within ten or twelve feet of his car when he first saw her and he immediately applied his brakes and pulled his car to the right but the woman came in contact with the outside edge of the left front fender outside the headlight; that he stopped within the length of the car plus ten or twelve feet and he and his father carried plaintiff to the hospital. His testimony is corroborated in its essential parts by Kenneth Craig, in the northbound car, who saw plaintiff on the east side of the pavement after they drove past the intersection, and Craig further testified:

"She was walking very swiftly and I wondered if she saw us. She was walking southwest. When the back end of Long's car was even with the back end of ours, we heard him apply the brakes and the wheels slid and at that time I looked around and saw the car kind of go sideways as Mr. Long turned it to the west. Then I saw the body fall behind the car. We came back to the scene of the accident and I saw a blood spot on the pavement behind Mr. Long's car about 8 or 10 feet."

Arthur Boswell, who was in the parked car, observed plaintiff as she walked toward the paved highway and he testified:

"One car went past just before, the car coming down the street, just a little after that, seemed kind of between the two cars, ahead of one of them and behind the other one, the way I seen it. She stopped just a second before she stepped out on the main highway, just the fraction of a second, she just hesitated. It looked as though I suppose she was timing herself with the car. She went right on across or tried to. She had a quick snappy walk like she was going in a hurry."

There was other evidence that the accident occurred in a twenty-five-mile-an-hour speed zone.

We think the question of contributory negligence was for the jury. Scott v. McKelvey, 228 Iowa 264, 290 N. W. 729; Wine v. Jones, 183 Iowa 1166, 162 N. W. 196, 168 N. W. 318. But our holding in this regard does not mean that the verdict of the jury was not supported by the testimony. From the evidence the jury could have found that defendant's car, with lights burning, was proceeding twenty-five miles an hour and that plaintiff stepped out quickly from behind a string of northbound cars directly into the path of defendant's car. The weight of the disinterested testimony pointed to this conclusion and it was error to grant the motion for new trial upon the ground that the jury verdict was not sustained by sufficient evidence, or was contrary to law.

II. In grounds 2, 3, 6, 7, 8, 17, 18, and 25 of the motion, plaintiff claimed that the affirmative answer to the special interrogatory inquiring whether defendant's car had lights on was "not supported by the evidence * * * contrary to the evidence * * * contrary to the law * * * not the result of due deliberation * * * wrong * * * unfair, unjust and wrong * * *" and the answer does the "plaintiff an injustice." In argument plaintiff contends that this was a special verdict and the court had the same right to set it aside as it did the general verdict. The answer to the special interrogatory in this case does not have the force of a special verdict under section 11512, Code of 1939. We said in Morbey v. Chicago & N. W. Ry. Co., 116 Iowa 84, 89, 89 N. W. 105, 107:

"There is * * * a manifest difference between a special verdict and the finding of the facts in answer to interrogatories propounded to the jury. A special verdict is in lieu of a general verdict, and its design is to exhibit all the ultimate facts, and leave the legal conclusions entirely to the court. * * * A special verdict covers all the issues in the case, while an answer to a special interrogation may respond to but a single inquiry pertaining merely to one issue, though essential to the general verdict."

The special interrogatory in this case was propounded under section 11513, Code of 1939, requiring the submission of "par-

ticular questions of fact'' upon the request of a party. But it is true the answer can be set aside and vacated under section 11550, Code of 1939, granting authority to the trial court to order a new trial and to vacate a ''verdict, or decision, or some part or portion thereof.'' What we said under the previous division is applicable here. True, plaintiff testified she looked and saw no lights of any car coming from the north in her direction; but the occupants of defendant's car and three disinterested persons all testified the lights were burning on defendant's car. Under such a record it was error to hold the answer to the special interrogatory was not supported by the evidence.

III. Grounds 9 to 16 of the motion for new trial allege error on the part of the trial court in failing to submit certain pleaded issues of negligence. Here plaintiff is invoking the eighth statutory ground in section 11550 which grants power to order a new trial for ''error of law occurring at the trial, excepted to by the party making the application.'' Defendant argues that no exceptions or objections to the instructions of the court were taken and therefore error in omission or submission of issues has been waived. An ''exception'' is defined to be ''an objection, taken to a decision of the court * * * on a matter of law.'' Section 11536, Code of 1939. ''No stated form of exception is required.'' Section 11542, Code of 1939. Exceptions to instructions must be taken and filed within five days after the verdict. Section 11495, Code of 1939.

The motion for new trial was filed in this case within five days after the verdict. Since the motion contained objections to the instructions relative to the submission of issues, we hold the instructions were properly excepted to in the particulars pointed out in the motion. This holding is not in conflict with our pronouncement in Henry v. Henry, 190 Iowa 1257, 179 N. W. 856. There the exceptions to the instructions were found only in the motion for new trial filed eight days after the verdict. Since no additional time had been granted for excepting to the instructions, we held they were not timely taken, but we recognized that the exceptions to instructions could be made a part of a motion for new trial.

The trial court submitted the following four grounds of negligence: (1) That at the time plaintiff was struck, defendant

"failed to display lighted lamps * * * on his motor vehicle." (2) "That defendant was driving * * * at a speed greater than would permit him to bring it [his car] to a stop within the assured clear distance ahead." (3) "That defendant did not have his motor vehicle under control." (4) "That defendant * * * was not traveling on the right hand side of the center of the street." We have examined the motion for new trial, which, in grounds 9 to 16, alleges error on the part of the trial court in failing to submit the other eight pleaded grounds of negligence. Two of them were merely claims of excessive speed which we think the court did submit in connection with its submission of the second ground of negligence. One of the grounds of negligence pleaded was that plaintiff was within an unmarked crossing at an intersection and she was first in the intersection and defendant was negligent in failing to yield her the right of way. It is enough to point out that she testified: "It was in the middle of the gravel road about that I turned and went west." And defendant's witnesses had her traveling southwest across the pavement. There were no sidewalks on the south side of the gravel road or on the east side of highway 69. But, according to all the testimony, she did not cross where sidewalks would have been, nor within the "lateral lines" of where a sidewalk would have been located if we were disposed to so interpret section 5000.01, subsection 52, Code of 1939. There was no evidence to warrant the submission of this specification of negligence.

Another pleaded ground of negligence was that defendant "failed to exercise due care to avoid colliding with plaintiff." This is not a specific charge of negligence. This is a general charge, and too general to warrant its submission as a charge of negligence.

Another pleaded ground of negligence was "that defendant failed to give plaintiff * * * necessary warning by sounding the horn on his motor vehicle." But under the record there was no reason or opportunity to give a horn warning to plaintiff. The defendant testified he did not see her until she was ten or twelve feet from him. Plaintiff did not testify otherwise. True, plaintiff's rebuttal witness testified as to defendant's admission that he had seen plaintiff at the side of the road from the lights of an

oncoming car from another direction. This admission is, of course, denied by defendant, but even if true, it would not warrant the submission of negligence because of failure to sound the horn. The defendant was traveling on the opposite side of the highway. Before this specification of negligence could be submitted it was incumbent upon plaintiff to show the necessity for the warning signal. The mere fact that a motorist sees a person standing along the opposite side of the highway does not alone prove the necessity of a warning sound signal to keep that person from walking in front of his car. We said in Pixler v. Clemens, 195 Iowa 529, 531, 191 N. W. 375, 376:

"Failure to give a warning signal does not constitute negligence when there is no apparent necessity for such warning and the obligation to give such signal is not imposed under the circumstances by statute."

It would have been error, under this record, if the trial court had submitted this specification of negligence.

IV. In grounds 19, 20, 21, 22, and 23 of the motion for new trial, plaintiff asserted that she did not have a fair trial "because of the conduct of the defendant and his wife * * * because defendant's attorneys were guilty of misconduct in the trial and argument * * * because defendant's attorney, Hawkins, in his argument stated that this was a money grabbing case and that the proper name of the case was Slaymaker & Slaymaker v. Long * * * that the defendant and his wife came into court and gave the impression that they carried no insurance and that the wife came into the court room with red eyes as though she was crying, and had a claimed heart attack or two in the presence of the jurors and gave the impression that the case was worrying her and one that a verdict would be a very serious matter insofar as her husband was concerned."

In argument plaintiff points to the cross-examination of the deputy sheriff and sheriff by defendant's attorney. The record shows that defendant's attorney sought to introduce the written report made by the defendant to the sheriff's office the night of the accident. Plaintiff's counsel objected and then defendant's counsel offered to waive the privilege, but the court ruled the privilege could not be waived, and stated:

"The Court rules you can't make him produce it [the report] and it can't be offered in evidence, and the jury should pay no attention to this offer to waive it because it is improper to do that."

No motion was made for a mistrial and no exception taken and the record shows that this is complained of for the first time in the motion for new trial. We do not have to decide whether the privilege could be waived by the defendant and the report introduced. If there was error in this regard, it was against the defendant who was seeking to introduce it. It is enough that plaintiff's objection was sustained, and surely the jury could not have been influenced by the mere offer of this evidence which the trial court rejected. In the case of Hammer v. Janowitz, 131 Iowa 20, 26, 108 N. W. 109, 111, we stated:

"But we see nothing in the record to indicate that the offer was not made in good faith, nor can we presume that appellant was or could have been prejudiced thereby. It is constantly happening that parties to a jury trial propound questions and offer testimony which the courts deem inadmissible, and record is made of the offer and ruling for use if need be on appeal; and if the fact of offering incompetent or immaterial testimony, which is excluded, is to be held a cause for granting a new trial, few, if any, verdicts could stand the test of such rule."

The argument of the conduct of the defendant and his wife with respect to the latter's red eyes, attitude of concern, and heart attacks, finds its only basis in the statements of counsel for plaintiff. The record does not establish them, nor does it show plaintiff's counsel made any objection to the conduct of the defendant or his wife. Such a belated complaint, made after an adverse judgment, cannot be the basis of a motion for new trial. Tom Reed Gold Mines Co. v. Berd, 32 Ariz. 479, 260 P. 191, 57 A. L. R. 55, 62.

The record shows that counsel's argument to the jury was taken down by the court reporter and in the course of argument counsel for defendant stated:

"As I told you, this is a money proposition. To tell the real truth about it. I feel that the name of this case is wrong. It

should be Slaymaker & Slaymaker v. Long. We have a case here, that in my mind is a lawyer-made case, because we have a non-resident in here.''

But counsel made no complaint or objection to counsel's statement at the time it was made. In Riech v. Bolch, 68 Iowa 526, 528, 27 N. W. 507, 508, complaint was made in the motion for new trial that plaintiff's counsel was guilty of misconduct in making an offer to permit judgment in a certain amount in the presence of the jury. Defendant made no objection but proceeded with the trial. We there stated:

''He in effect consented that the cause might be submitted to that jury, and, having taken that course, and made no question with reference to the matter until after the verdict was returned, we think he must now be held to have waived it entirely.''

In Foedisch v. Chicago & N. W. Ry. Co., 100 Iowa 728, 731, 69 N. W. 1055, 1056, where the misconduct alleged was upon the part of jurors, we stated:

''Even if the conduct of the jurors complained of could be said to be prejudicial to plaintiff, he is in no situation to now avail himself of it. It appears without dispute that the alleged misconduct was known to plaintiff a day or two before the trial was concluded. He took no steps to call it to the attention of the court. He seems to have been willing to go on with the trial, taking his chances of a favorable verdict, making no objection until after he is defeated. Knowing, as he did, of the misconduct, and proceeding thereafter with the trial without objection, he should be held to have waived his right to insist upon it. * * * In any event, then, the motion for a new trial should not have been sustained. For this error the judgment below is reversed.''

See, also, Crandall v. Mason, 198 Iowa 139, 197 N. W. 454.

Plaintiff's counsel are able and skillful lawyers with many years of experience in the trial of personal injury suits. They must have thought the statements of counsel for defendant were not prejudicial for they made no objection before the case

was submitted to the jury. We hold plaintiff could not proceed with the trial, take his chances for a verdict, and then be allowed a new trial on the grounds of misconduct of counsel that he knew of before the case was submitted to the jury and did not object to.

V. Ground 24 of the motion for new trial consists merely of a statement that plaintiff was rendered unconscious by the accident and confined to the hospital for six weeks and consequently had no one to look up the facts concerning the accident, and that she was led to believe defendant's insurance company would pay her doctor bill, hospital bill, and "make a fair settlement with her" because of the statements of representatives of the company.

We cannot fit this ground into any of the statutory grounds for new trial enumerated in section 11550, Code of 1939. Of course, the only record is found in the statements of plaintiff's counsel in their brief and argument. It would be error to grant the new trial on this ground.

Ordinarily this court will hesitate in disturbing a decision of the trial court in granting a motion for new trial when the question is one of discretion. But we have said this "is a legal discretion, and must be predicated on the record." Copeland v. Junkin, 198 Iowa 530, 534, 199 N. W. 363, 364. We have examined the record in this case with care, and we do not find therein support for the trial court's ruling.

The case is reversed and remanded with instructions to enter judgment on the verdict.—Reversed and remanded.

GARFIELD, HALE, SMITH, BLISS, MILLER, WENNERSTRUM, and MANTZ, JJ., concur.