**Vincent E. TEELING, Appellant,**

v.

**Mary Ann HELES, Appellee.**

**No. 54686.**

Supreme Court of Iowa.

March 16, 1972.

H. F. Reynolds, of Reynolds, Kenline, Roedell, Breitbach & McCarthy, Dubuque, for appellant.

David N. Kintzinger, of Kintzinger, Kintzinger, Van Etten & Setter, Dubuque, for appellee.

REES, Justice.

This is an action to recover damages for injuries claimed to have been sustained by plaintiff when plaintiff, as a pedestrian, was struck by the automobile of defendant. Judgment for defendant was entered on a jury verdict in defendant's favor and plaintiff's motion for new trial subsequently filed was overruled as to all grounds. Plaintiff now appeals. We reverse, and remand for new trial.

Plaintiff, an employee of the streets department of the city of Dubuque, was working near a sewer manhole in or near the southwest quarter of the intersection of West Locust and Rosedale Streets in Dubuque on the evening of November 2, 1967. He and other employees were seeking to dislodge an obstruction in the sewer. A co-worker, one Spoerre, was manipulating a tool known as a sewer spoon in the manhole while plaintiff was signalling approaching vehicles with an electric lantern. Defendant's automobile was first observed by plantiff as it approached the area in which he was working from the west, when it was about 350 to 400 feet distant from him in the eastbound lane of West Locust Street. When plaintiff observed that the automobile of defendant had not changed course, he brushed his co-worker aside and was himself struck by defendant's car.

Plaintiff instituted his action for damages, asserting defendant was negligent in: (a) failing to keep a proper lookout; (b) failing to have her motor vehicle under control; (c) in operating her vehicle at a speed greater than permitted her to stop within the assured clear distance ahead; and (d) in operating her vehicle at a speed.

greater than was reasonable and proper under all the circumstances then existing.

Defendant, in her answer, denied generally all of the allegations of plaintiff's petition, and by way of affirmative defense asserted plaintiff was guilty of negligence in: (a) failing to keep a proper lookout; (b) in not exercising due care for his own safety while working at night in the middle of a dark, wet blacktop street, by failing to use any signs, barricades, warning or traffic control signals or devices, by failing to wear safety marked clothing and by failing to use safety lights or lanterns; and (c) in failing to move out of the way of defendant's car under the circumstances existing. She further alleged affirmatively that plaintiff's act of standing at night in the middle of a dark, wet, blacktop street, dressed in dark clothes without warning devices or barricades created a sudden emergency for the defendant and that there was not sufficient time and space under the conditions then existing, for defendant to avoid the collision. She further affirmatively alleged plaintiff's act of standing at night in the middle of a dark, wet, blacktop, dressed in dark clothes, without any warning devices or barricades was the sole proximate cause of plaintiff's alleged injury or damage.

To justify a reversal, plaintiff assigns as error:

(1) The Court erred by including in Instruction No. 1, as a separate and distinct issue, defendant's allegation in Division V of her Answer that plaintiff's conduct as therein specified was the sole proximate cause of plaintiff's injury and damage.

(2) The Court erred in failing to instruct the jury that the burden of proof was upon defendant as to her allegation, set out as a separate and distinct issue in Instruction No. 1, that plaintiff's conduct was the sole proximate cause of plaintiff's injury and damage.

(3) The Court erred in giving Instruction No. 13 without therein placing upon defendant the burden of proof as to her allegation as to sole proximate cause affirmatively stated in Instruction No. 1.

(4) The Court erred by including in paragraphs 3 and 5 of Instruction No. 13, defendant's contention that the sole proximate cause of the accident was a combination of circumstances over which defendant had no control or which defendant could not have anticipated.

(5) The Court erred in submitting defendant's theory of legal excuse in Instruction No. 13 without placing upon defendant the burden of proof in such issue.

(6) The Court erred in submitting in the second paragraph of Instruction No. 15 an issue in general form as to the contributory negligence of plaintiff in failing to exercise due care for his own safety.

(7) The Court erred in giving in the second paragraph of Instruction No. 15 without proper definition of the standard of care applicable to the specification of negligence therein contained.

I. That portion of instruction 1 complained of by plaintiff reads as follows:

"The Defendant affirmatively alleges, and Plaintiff denies, that Plaintiff's claimed injury was proximately caused by negligence of Plaintiff which will be more particularly set forth or that the sole proximate cause of Plaintiff's injury was Plaintiff's act of standing at night in a dark, wet, blacktopped street, dressed in dark clothes without adequate warning devices or barricades, and that, as a consequence thereof, Defendant is not liable to Plaintiff."

The issue of sole proximate cause is generally pleaded affirmatively in factual situations where a defendant is contending the negligence of a third party solely and proximately caused the accident out of which injury proceeds. We do not have such a factual situation before us here; that is to say, no third party was involved in any way in the circumstances

of the accident here. Defendant had effectively pleaded in Division II of her answer that plaintiff was guilty of negligence in one or more of several particulars which was a proximate cause of his own alleged injury or damage. She was thereupon put on proof of the issue thus pleaded and had she preponderated in such proof plaintiff could not have recovered against her in any event.

We do not infer that the issue of *sole* proximate cause may not be properly pleaded in a two-party accident, but we conclude the issue of contributory negligence as asserted in Division II of defendant's answer, and the issue of sole proximate cause pleaded affirmatively in Division V of her answer, effectively raised the identical issue in the matter before us. Defendant claims the only case found on the defense theory of sole proximate cause by plaintiff's conduct, rather than the conduct of a third party, is Lang v. Siddall, 218 Iowa 263, 274, 254 N.W. 783, 788. In Lang, defendant pleaded that plaintiff's negligence was the sole proximate cause of the happening of the accident, and after judgment for plaintiff, and on defendant's appeal claiming the trial court erred by failing to give an instruction on such defense theory, this court said, "in the absence of a request therefor" a failure to instruct did not constitute reversible error. Defendant contends Lang thus implies that if defendant had requested an instruction on her defense theory of sole proximate cause it would have been reversible error for the trial court to refuse to instruct on it. We are unable to interpret Lang as supportive of defendant's position. At page 274 of 218 Iowa, page 788 of 254 N.W., this court said:

"In addition to pleading that the plaintiff was contributorily negligent in the matters which we have already considered in division III above, appellant in his answer further alleged that: 'The sole proximate cause of the plaintiff's damages, if any, was the negligence of the plaintiff in that before turning and changing the course of his car he did not exercise ordinary care to see that there was sufficient space to make such movement in safety.' Appellant complains that the court failed to submit this pleaded issue to the jury and failed to give the jury any instruction with reference to it. He contends that the issue thus tendered in his answer is a distinct, separate, and special issue; that it is a complete negation of liability and not a denial of freedom from contributory negligence; that he had the right to have this special issue submitted to the jury as a part of the defenses set up by him in his answer; and that the failure of the court to instruct the jury in reference to this special issue was prejudicial to him and constitutes reversible error. With this contention of appellant we are unable to agree. The court fully instructed the jury in regard to negligence and proximate cause. Under these instructions, the jury was plainly told that they could not find for the appellee unless they found that the appellant was guilty of negligence and that this negligence of the appellant was the proximate cause of the accident and injuries sustained by appellee. Under these instructions, it necessarily followed that the appellant could not be guilty of negligence which was the proximate cause of the accident, if the appellee was guilty of negligence which was the *sole* proximate cause of the accident. Conversely, if the jury found that the appellant was guilty of negligence and that this negligence was the proximate cause of the accident and injuries, it necessarily followed that any negligence on the part of the appellee, no matter how great, could not be the *sole* proximate cause of the accident and injuries."

■ We conclude that a pleading of sole proximate cause in addition to the pleading of contributory negligence does not and did not entitle the appellee to the instructions submitted by the court in the matter before us. The issue of sole proximate cause in

addition to the issue of direct negligence on the part of the plaintiff, should not have been submitted.

This error by itself would probably not justify a reversal. However, since the case is to be remanded on other grounds, we have expressed our disapproval of the instruction for purposes of retrial.

In light of our conclusion that the issue of sole proximate cause should not be submitted to the jury upon retrial of this case, we deem it unnecesary to consider the assertions of plaintiff the court erred in giving instruction relative to sole proximate cause without placing upon defendant the burden of proof with respect thereto.

II. Plaintiff alleges the court erred in the giving of its Instruction No. 13, and particularly paragraphs 3 and 5 thereof, in which trial court informed the jury, "The defendant contends that any negligence on her part was not the proximate cause of injury to Plaintiff, and that the sole proximate cause thereof was a combination of circumstances over which Defendant had no control. * * * In this case if you find negligence of the Defendant was a proximate cause of injury to Plaintiff, the Defendant will be liable in this action unless she has established her claimed defense of contributory negligence. However, if you find that other circumstances over which Defendant had no control, or which Defendant could not have anticipated, were the sole and independent proximate cause of Plaintiff's injury, then Defendant is not liable even though she may have been guilty of negligence in one or more of the respects charged."

■ At no place in the instruction complained of was the jury informed that the burden was upon the defendant to establish such legal excuse by a preponderance of the evidence. Legal excuse is a doctrine by which one seeks to avoid the

consequences of his own conduct in violating a statute by showing justification for acts which would otherwise be considered negligent. While trial court obviously, in the quoted portions of instruction 13, was seeking to effectively instruct the jury with regard to the doctrine of legal excuse, it is apparent the instruction was incomplete and could no nothing but confuse the jury. Under the circumstances existing here, we find the instruction was prejudicial and entitles plaintiff to a new trial. Overturf v. Bertrand, 256 Iowa 596, 604, 128 N.W.2d 182, 186; Gibbs v. Wilmeth, 261 Iowa 1015, 1023, 157 N.W.2d 93, 98.

■ III. In instruction 15, the jury was instructed defendant claimed plaintiff was negligent in (2) not exercising due care for his own safety while working at night in a street; and was further instructed that if defendant had established by a preponderance of the evidence that plaintiff was negligent in such respect defendant would be deemed to have established that plaintiff was negligent in one of the particulars asserted by defendant.

A review of the record indicates exceptions were taken by plaintiff to the giving of instruction 15 and that portion of it recited above, but it also indicates objection to the giving of such instruction on the part of defendant. Certainly, the instruction left open to a jury a wide area of conjecture and speculation; and was not sufficiently specific and detailed as to constitute a charge of negligence. Sparks v. Long, 234 Iowa 21, 29, 11 N.W.2d 716, 721.

The instruction is erroneous and requires reversal. This case is, therefore, reversed and remanded.

Reversed and remanded.

All Justices concur, except BECKER and HARRIS, JJ., who take no part.