**T. Lee MANLEY and Leone
Manley, Appellants,**

v.

**O'BRIEN COUNTY RURAL ELECTRIC
COOPERATIVE, a corporation,
Appellee.**

**No. 59508.**

Supreme Court of Iowa.

June 28, 1978.

Smith & Grigg, Primghar, for appellants.

James, Greer, Hoover, Nelson, Bertell, Montgomery & Barry, Spencer, for appellee.

REES, Justice.

The plaintiffs appeal the trial court's overruling of their motion for a new trial following a verdict for the defendant in plaintiffs' action for damages. The plaintiffs assert the trial court erred in instructing the jury regarding contributory negligence. The Court of Appeals reversed and remanded for a new trial and we granted further review. We now reverse and remand for a new trial.

On July 29, 1974 the plaintiffs filed their petition with the plaintiff T. Lee Manley praying for damages for personal injuries in the sum of $824,689, and the plaintiff Leone Manley praying for damages for loss of services, companionship and consortium in the sum of $50,000. Plaintiff Lee Manley's claim was for injuries sustained when he came into contact with the defendant's electrical wires on August 29, 1972, as the result of which he incurred hospital and medical expenses, suffered pain and became permanently partially disabled. The plaintiffs claim Lee Manley's injury resulted from a fall from a ladder which he had placed against the meter pole in his farmyard to replace some wires which ran from the meter pole to his outbuildings. Manley climbed the ladder and cut the wires running from the meter pole to his barn, and as he was about to descend, he came in contact with the wires leading from the transmission line to the meter pole, suffered a shock and fell to the ground. In the petition, plaintiffs asserted Manley's fall and resultant injuries was proximately caused by defendant's negligence in failing to properly insulate its electrical wires; in failing to inspect the same; in failing to use insulated connectors; in failing to warn plaintiff of the inherent danger of working near the wires; in failing to remove old wires and replace them with new wires; and in failing to use due care to remove and replace old wires.

By way of answer, the defendant denied the material allegations of the petition and by way of affirmative defense alleged that Manley was contributorially negligent in assuming the risks and not following proper procedure or wearing adequate clothing in performing the work on the meter pole in which he was engaged at the time of his injury.

At the close of all the evidence, the plaintiffs objected and excepted to a preliminary draft of the jury instructions, and the instructions were then redrafted and plaintiffs excepted and objected to certain of the redrafted instructions. A second redraft of the instructions was accomplished and the plaintiffs excepted and objected to the final form of the instructions to the extent the instructions did not comply with the previous objections.

Following the verdict of the jury in favor of the defendant, plaintiffs moved for a new trial, asserting errors in the jury instructions as discussed above; which motion was overruled. This appeal ensued.

The plaintiffs in their appeal raised the following issues for review:

(1) That the court erred in giving instruction 17 in which the jury was instructed as to the duty of defendant to carefully and properly insulate its wires for the protection of persons coming into the zone of danger by including in said instruction the words, "without contributory fault on their part".

(2) That the court erred in giving instruction 27 in which the jury was informed that if it found the exercise of ordinary care required that plaintiff Lee Manley refrain from allowing a portion of his body to come into contact with defendant's supply line, and he failed to so do, then such failure

would constitute negligence on his part; such statement being an impermissible generalized statement of the law of negligence.

(3) That the trial court erred in instructing the jury on defendant's allegations that plaintiff was contributorially negligent in assuming the known risk when the trial court also instructed the jury on defendant's allegations that plaintiff was contributorially negligent in working in an area of known danger.

(4) That trial court erred in giving instructions which over-emphasized defendant's affirmative defense of contributory negligence.

■ I. In the first issue stated for review, plaintiffs assert the trial court committed error in instructing the jury concerning defendant's duty to persons within the zone of danger, specifically apprising the jury that such persons coming within such zone of danger must be free of contributory negligence. The plaintiffs claim that reference to contributory negligence in an instruction to the jury concerning the defendant's duty to persons such as the plaintiff Lee Manley could mislead the jury into the belief that the plaintiffs had the burden of proving the injured plaintiff's freedom from contributory negligence. Defendant contends the instruction was proper, since it contained a correct statement of the law and since the instructions, taken as a whole, clearly placed the burden of proving plaintiff's contributory negligence on the defendant.

The instruction in question (instruction 17) follows almost verbatim the language in *Cronk v. Iowa Power and Light Company,* 258 Iowa 603, 611, 138 N.W.2d 843, 847–848, where we find:

"It is the duty of a person or corporation that maintains and controls wires or cables for the furnishing of electricity to others, to carefully and properly insulate their wires at all places where there is a likelihood or reasonable probability of human contact by persons whose business or duty, or rightful pursuit of mere diversion or pleasure brings them without contributory fault on their part into the zone

of danger. However, in the absence of statute or municipal ordinance, this duty does not compel the company to insulate or adopt safeguards for their wires everywhere but only at places where people may legitimately go for work, business or pleasure—that is, where they may reasonably be expected to come in proximity to them."

There is no dispute between the parties that the above language as used in the instruction is a correct statement of the Iowa law on the subject. However, the parties are in dispute as to whether the use of such language would mislead the jury into thinking that the plaintiffs must show Manley's freedom from contributory negligence. Any such inference drawn by the jury in this regard would be in contravention of § 619.17, The Code, which places the burden on the defendant to prove the plaintiff was contributorially negligent.

In determining whether the trial court committed error in instructing a jury in a given case, we have said: "(a)ll instructions given must be read and considered together and related to each other, not piecemeal or in artificial isolation." *Dickman v. Truck Transport, Inc.,* 224 N.W.2d 459, 464 (Iowa 1974). See also *Miller v. International Harvester Company,* 246 N.W.2d 298, 306 (Iowa 1976); *Simpkins v. City of Davenport,* 232 N.W.2d 561, 567 (Iowa 1975). In this connection, we note instruction 22 in this case clearly and correctly informed the jury that the defendant had the burden of proof in this regard.

Following the above standard, we conclude, in viewing the instructions as a whole, the jury should not have been mislead by the language "without contributory fault" into thinking the plaintiffs had the burden of proof on the contributory negligence issue, since instruction 22 clearly placed such burden on the defendant. We are unable to perceive merit in this issue stated by plaintiffs for review.

■ II. Plaintiffs next claim the trial court erred in submitting to the jury its instruction 27, which they assert set out a

general charge of negligence which is impermissible under Iowa law. Instruction 27 provided:

"Defendant alleges Lee was negligent in allowing a portion of his body to come in contact with an electrical supply line known to be carrying electricity, when he knew, or in the exercise of reasonable diligence should have known, that coming in contact with the supply line carrying electricity would cause injury to him.

"You are instructed that in doing the work, it was his duty to use ordinary care. 'Ordinary care' has been heretofore defined.

"If you find that the exercise of ordinary care under the circumstances required that Lee refrain from allowing a portion of his body to come into contact with an electrical supply line which he knew to be carrying electricity and that he failed to do so, such failure would constitute negligence on his part."

We have said that it is improper for a trial court to submit an instruction on a general allegation of negligence. *Teeling v. Heles,* 195 N.W.2d 704, 708 (Iowa 1972) (instruction that defendant asserted the plaintiff was negligent by "not exercising due care for his own safety while working at night in a street" was too general); *Hartwig v. Olson,* 261 Iowa 1265, 158 N.W.2d 81, 87 (instruction on plaintiff's claim that defendant "failed to exercise due care to avoid colliding with [Hartwig]" was not specific enough); *Sparks v. Long,* 234 Iowa 21, 28, 11 N.W.2d 716, 720 (instruction on the ground of negligence that defendant "failed to exercise due care to avoid colliding with plaintiff" deemed too general). In the matter before us here, the assailed instruction informed the jury that defendant claimed Lee Manley was negligent in allowing a portion of his body to come into contact with an electrical supply line on the basis that he knew, or should have known, that contact with the line would have caused him injury. The assailed instruction is obviously more specific than the instructions held improper in *Teeling, Hartwig* and *Sparks.* We therefore do not agree with appellants that the trial court erred in submitting its instruction 27.

III. Plaintiffs next claim it was error for the trial court to submit to the jury instructions on the doctrine of assumption of risk in instructions 22, 24 and 26, where other instructions embraced language covering the same allegations in terms of "working in a place of known danger". The defendant suggests that the language referring to assumption of risk was properly employed in the instructions in this case.

Instruction 22 provided, in pertinent part:

"The law of Iowa provides that if a person who has been injured or damaged was himself negligent and such negligence was a proximate cause of his injury or damage, then he cannot recover from another. This is known as the defense of contributory negligence, and the burden of proof of such defense is upon the defendant. The defendant asserts that the plaintiff, T. Lee Manley, was negligent in the following particulars:

"(a) In working in a place of known danger without wearing insulated gloves and clothing, when he knew, or in the exercise of reasonable diligence should have known, that coming in contact with the supply line without such protection would cause injury to him.

"(b) In assuming the known risk of working in an area of known danger without wearing insulated gloves and clothing, when he knew, or in the exercise of reasonable diligence should have known, that coming in contact with the supply lines without protection would cause injury to him.

"(c) In working in a place of known danger to accomplish the task by placing a ladder northwest or southwest of the meter pole, whereas a reasonably prudent man in the exercise of ordinary care in performing said task would have placed the base of the ladder southeast of the meter pole, thereby avoiding the area of defendant's distribution lines.

"(d) In assuming the known risk of working in an area of known danger, whereas the task could have been accom-

plished without placing himself in the area of defendant's supply lines, when he knew, or in the exercise of reasonable diligence should have known, that coming in contact with the supply line would cause injury to him."

Instruction 24 provided:

"Defendant alleges that Lee was negligent in assuming the known risk of working in an area of known danger without wearing insulated gloves and clothing, when he knew, or in the exercise of reasonable diligence should have known, that coming in contact with the supply lines without protection would cause injury to him.

"You are instructed that in assuming a risk, if any, which was known to him in doing the work, it was Lee's duty to exercise that degree of care which an ordinarily careful and prudent person would exercise under the circumstances, including the known risk.

"If you find that Lee knew that coming into contact with the electric supply lines without the protection afforded by wearing insulated gloves and clothing would cause injury to him and that he assumed the risk of working in an area which he knew to be dangerous without wearing insulated gloves and clothing and that in assuming such risk he failed to exercise that degree of care which an ordinarily careful and prudent person would exercise under the circumstances, including the known risk, such failure would constitute negligence on his part."

Instruction 26 provided:

"Defendant alleges Lee was negligent in assuming the known risk of working in an area of known danger, whereas the task could have accomplished without placing himself in the area of defendant's supply lines, when he knew, or in the exercise of reasonable diligence should have known, that coming in contact with the supply line would cause injury to him.

"You are instructed that in assuming a risk, if any, which was known to him in doing the work, it was Lee's duty to exercise that degree of care which an ordinarily careful and prudent person would exercise under the circumstances, including the known risk.

"If you find that Lee knew that coming in contact with defendant's supply line would cause injury to him and that he assumed the risk of working in an area he knew to be dangerous and that the task could have been accomplished without placing himself in the area of defendant's supply lines and that in assuming the risk he failed to exercise that degree of care which an ordinarily careful and prudent person would exercise under the circumstances, including the known risk, such failure would constitute negligence on his part."

The central disagreement between the parties in this case revolves around our opinion in *Rosenau v. City of Estherville*, 199 N.W.2d 125, 133 (Iowa 1972), in which we said:

"We hold that in a common-law tort case in which defendant raises the issue of plaintiff's negligence, the elements of 'assumed risk' shall no longer be pled and instructed on as a separate defense. The facts of the case, as they bear on the reasonableness of plaintiff's conduct, may well be proper affirmative allegations of plaintiff's negligence in the answer. See Restatement (Second) of Torts § 466, p. 511; *Gibson v. Shelby County Fair Ass'n*, 246 Iowa 147, 65 N.W.2d 433 (1954). If the required record is made, the issue would be appropriate in an instruction on whether a reasonably prudent man in the exercise of due care (a) would have incurred the known risk and (b) if so, whether in the light of all the circumstances (including the appreciated risk) he would have conducted himself in the manner in which plaintiff acted. Of course, other contributory negligence instructions may also be warranted by the evidence."

The rationale which impelled us in *Rosenau* to hold that the doctrine of assumption of risk should not be instructed upon as a separate defense was based on our conclusion such instruction, along with other in-

structions on contributory negligence, were repetitive, tending to unduly emphasize a defendant's claim of contributory negligence. *Rosenau v. City of Estherville,* 199 N.W.2d at 133. See also, *Andrews v. Struble,* 178 N.W.2d 391 (Iowa 1970); *Clarke v. Hubbell,* 249 Iowa 306, 316, 86 N.W.2d 905, 911.

We are abidingly satisfied that the instructions set out above violated the underlying standard adopted by us in *Rosenau* and give undue emphasis to defendant's claim that Manley was contributorially negligent. Subparagraphs (a) and (b) of instruction 22 both refer to Manley's failure to wear insulated gloves and clothing, and subparagraph (b) additionally makes reference to his thereby "assuming a known risk". Subparagraphs (c) and (d) of instruction 22 refer to the same allegations of negligence in working in an area of known danger with the added feature that subparagraph (d) again makes reference to Manley's "assuming a known risk". Similar repetition is apparent in instructions 23 and 24, and in instructions 25 and 26. Resultantly, undue emphasis is laid upon defendant's allegations that plaintiff, Lee Manley, was contributorially negligent, even if the question of assumption of risk was not instructed upon as a separate defense. Such repetition permitted the jury to consider assumption of risk as a separate defense. We therefore hold the trial court committed reversible error in submitting the repetitive instructions. Further, the phraseology of the instructions making reference to "assumption of risk" should have been avoided in conformity with our pronouncements in *Rosenau.* The submission to the jury of the instructions referred to in this division necessitate a reversal and remand for a new trial.

IV. We deem it unnecessary to comment upon plaintiffs' fourth issue stated for review since the question of undue emphasis in the instructions on defendant's defense of contributory negligence has been treated hereinabove.

Based on all of the foregoing, we conclude the trial court's instructions placed undue emphasis on the defendant's allegation that the plaintiff, Lee Manley, was contributorially negligent, and that the instruction on the question of assumption of risk was impermissible. This case is therefore reversed and remanded for a new trial.

REVERSED AND REMANDED.

All Justices concur.