James CHILDERS and Patricia
Childers, Appellants,

v.

Ron McGEE and Mary Lou
McGee, Appellees,

Michael Ott and Debra Ott, Defendants.

No. 64807.

Supreme Court of Iowa.

June 17, 1981.

C. A. Frerichs of Fulton, Frerichs, Nutting, Martin & Andres, P.C., Waterloo, for appellants.

Stephen J. Powell of Swisher & Cohrt, Waterloo, for appellees.

Considered by REYNOLDSON, C.J., and LeGRAND, McCORMICK, ALLBEE, and SCHULTZ, JJ.

McCORMICK, Justice.

The principal question in this appeal is whether the trial court's error in submitting the defense of contributory negligence requires reversal of defendants' judgment on both plaintiffs' claims. Holding it does not, the Court of Appeals reversed only the judgment against James Childers. We hold that the judgment should have been reversed as to both plaintiffs. Therefore we vacate the decision of the Court of Appeals in part, reverse the district court, and remand.

In their petition, plaintiffs alleged that they sustained damages as a result of injuries received when James Childers fell down a stairway while moving household goods from the home of defendants Ron McGee and Mary Lou McGee. They averred that the injuries were proximately caused by defendants' negligence in maintaining the premises. James sought damages for his injuries, and his wife Patricia sought damages for loss of consortium. Their evidence tended to show James fell on the stairs after losing his balance when he grasped a handrailing which came loose from the wall.

In addition to denying their negligence, the defendants urged a defense of contributory negligence. They alleged James was negligent:

a. In failing to keep and maintain a proper lookout for his own safety.

b. In failing to use ordinary care for the safety of his person when traversing stairs while carrying a heavy object.

c. In failing to exercise ordinary care for the safety of his person when traversing the stairs after he had been warned of the surface of the carpeting covering said stairs.

The trial court submitted these three allegations to the jury over plaintiffs' objections. Plaintiffs asserted specification (a) was not supported by substantial evidence and was not adequately explained. They asserted specifications (b) and (c) were mere allegations of general negligence and also lacked evidentiary support.

After the jury returned verdicts for defendants, plaintiffs appealed: On appeal, they renewed their complaints about the court's instructions. The Court of Appeals found specification (b) was merely an allegation of general negligence which was therefore erroneously submitted. *See Teeling v. Heles*, 195 N.W.2d 704, 708 (Iowa 1972). The error, however, was found only to have affected James' claim because the court did not believe the contributory negligence defense was submitted as a bar to Patricia's claim.

In petitioning for further review, plaintiffs contended that the error did affect Patricia's claim because the defense was in fact submitted against her. They also renewed their contentions that the trial court erred in submitting the remaining two allegations of James' negligence.

■ I. *Patricia's claim.* The trial court gave two instructions on the contributory negligence defense. In one of the instructions the court recited the allegations of James' negligence and concluded:

If the defendant [singular] has so proved both the foregoing propositions, then the plaintiff [singular] is not entitled to recover, and your verdict should be for the defendants.

If the defendants have failed to so prove one or more of the foregoing propositions, then you may proceed to consider whether or not the plaintiff [singular] is entitled to recover against the defendants in accordance with other instructions herein.

In another instruction, however, the court told the jury:

If the plaintiffs have failed to establish by a preponderance of the evidence any one or more of the foregoing propositions, or the defendants have established by a preponderance of the evidence that the plaintiff, himself, was negligent, as defined in these instructions, then the plaintiffs cannot recover, and your verdict will be for the defendants.

It thus appears that the trial court gave the jury inconsistent instructions. It told the jury in one instruction that the contributory negligence defense was a bar to James' claim and in another instruction that the defense was a bar to both claims. The confusion was compounded by the court's use of plaintiff as a singular term in referring to James.

When a court gives inconsistent instructions and the jury returns only a general verdict, it is impossible to tell which instruction the jury followed. *See Wheatley v. Heideman,* 251 Iowa 695, 713, 102 N.W.2d 343, 354 (1960). Therefore we cannot say the jury did not decide against Patricia on the basis of the contributory negligence defense. The record thus does not support a finding that she was not prejudiced by the court's error in submitting the general negligence allegation. Consequently the judgments against both plaintiffs, not merely James, must be reversed.

■ II. *Contributory negligence instructions upon remand.* Subsequent to the trial in the present case, this court held that an injured spouse's contributory negligence which is not the sole proximate cause of the injury is not a defense to a loss of consortium claim by the other spouse. *Fuller v. Buhrow,* 292 N.W.2d 672, 676 (Iowa 1980). Applicability of the *Fuller* principle upon retrial of this case does not present an issue of retrospectivity of the holding. *Fuller* merely resolved a question which had been open at least since our decision in *Handeland v. Brown,* 216 N.W.2d 574 (Iowa 1974). It did not change an existing principle. *See Wilson v. Iowa Power & Light Co.,* 280 N.W.2d 372, 375 (Iowa 1979) ("We reserve the question whether plaintiff's separate action for loss of consortium would have been subject to the contributory negligence defense."). Accordingly, the *Fuller* holding is applicable upon retrial of this case. As a result, the contributory negligence defense should not be submitted against Patricia.

■ We have also examined plaintiffs' attack upon the two allegations of James' negligence which a majority of the Court of Appeals held were correctly submitted. Plaintiffs contend specification (c) was merely an allegation of general negligence like specification (b). Specification (c) was based on evidence that a coemployee had warned James the carpeting on the stairway was slippery before his fall. Other evidence tended to indicate James may have fallen because of the slippery carpeting.

We believe, however, that specification (c), which alleged a lack of ordinary care in traversing the stairs after having been warned about the carpeting, was subsumed in specification (a) regarding lookout. It was necessary for James to use the stairway while moving furniture from the home. The coemployee had noticed the condition of the carpeting when he slipped on it during a tour of the home with defendant Ron McGee before the moving started. The evidence of warning was that the fellow employee told James of the condition and ad-

vised him to be careful on the stairs. In these circumstances the warning was essentially to "watch out" while traversing the stairway. It was not a warning to do or not do a specific act. Thus a failure to heed the warning would be merely a failure to maintain a proper lookout. Whereas separate submission of a specification of failure to heed a warning might be justified if the record were different, the warning specification in this case duplicated the lookout specification.

The evidence of warning was relevant on the issue of James' ordinary care in maintaining a proper lookout. Except as a restatement of the lookout specification, specification (c) was vulnerable to plaintiffs' objection that it was only an allegation of general negligence. Although we need not decide whether its submission was reversible error, we hold it should not have been separately submitted.

We find that, viewing the evidence in the light most favorable to defendants, a jury issue existed on the lookout allegation. Therefore, if the record is similar on retrial, only the lookout specification should be submitted.

Plaintiffs also contend the court's instructions did not adequately explain the lookout concept. However, in their objection to the instruction they did not suggest what explanation should be included. We assume they will make a better record on that issue upon retrial.

We vacate in part the decision of the Court of Appeals. The judgment of the trial court against both plaintiffs is reversed and the case is remanded for new trial.

DECISION OF COURT OF APPEALS VACATED IN PART; REVERSED AND REMANDED.